## Case No. 8,101.

### LATAPEE v. PECHOLIER.

[2 Wash. C. C. 180.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

DURESS — NOTES GIVEN WHILE IMPRISONED—ARREST FOR DEBT—INSOLVENT DISCHARGE BY ANOTHER STATE—VALIDITY OF ARREST — PROOF OF PAYMENT—STAY OF PROCEEDINGS.

1. When a party has been discharged by the insolvent law of Pennsylvania, and a suit is afterwards brought against him in the state of Delaware for a debt due before his discharge, the arrest in Delaware was lawful, and the plea of duress against an instrument given by the defendant, who was in confinement, will not be received; although it would have been otherwise, had the arrest taken place in Pennsylvania.

2. Under a plea of payment, proof of the discontinuance of the suit cannot be given in evidence; and the defendant should have availed himself of the alleged discontinuance, before appearing and taking defence.

3. By the practice and laws of Pennsylvania, any evidence may be given under the plea of payment, which proves that, ex equo et bono, the debt claimed ought not to be paid.

[Cited in Dushane v. Benedict, 120 U. S. 640, 7 Sup. Ct. 699.]

[Cited in Gross v. Leber. 47 Pa. St. 522.]

4. If the debt has in whole or in part been paid; or has been extinguished by any means, as by a contract of a superior nature; or has been released; or if the debt be not in conscience due; or has by some means been satisfied, so that it cannot be conscientiously demanded; these facts may be given in evidence.

5. Under which circumstances, the court will stay proceedings of execution until the defendant shall be protected from the danger of a double payment.

[Cited in Memphis v. Brown, Case No. 9.415.]

[Cited in Hartman v. Danner, 74 Pa. St. 40.]

A verdict having been rendered in this case, at April sessions, 1807, and a new trial awarded, the cause now came on again to be tried. The defendant being indebted to the plaintiff, in a certain sum of money, was, in September, 1804, discharged under the insolvent law of this state. The plaintiff, afterwards, arrested the defendant in the state of Delaware, for the same debt, and during his confinement under the process, he obtained from the defendant, four promissory notes for sixteen hundred dollars; for which he gave a receipt, expressing that these notes were in full of the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

defendant's endorsement of a certain note of one Felix Imbert, provided that the said notes are paid. The plaintiff, after the notes in question became due, brought this suit; and a meeting of the plaintiff and defendant, with a view to a settlement, took place at the office of a Mr. Duplessis. This person proved, that, after some discussion, the plaintiff agreed to accept of six hundred dollars, in satisfaction of the debt due from the defendant, of which one hundred and twenty-two dollars were to be paid in two days; and for the balance, the defendant was to give his note to Duplessis, who was to endorse it, specially, without recourse upon him; but to be endorsed, (as Judge Washington understood the testimony, but not so understood by the defendant's counsel, or by Judge Peters,) to some person to be named by the plaintiff. The money was to be paid to Duplessis for the plaintiff, and he was to draw the notes. In consequence of this agreement, the plaintiff and defendant went to the marshal's office and an entry was made on his docket, and signed by the plaintiff, opposite to these suits, "return writ settled." Within the specified time, the defendant paid to Duplessis the one hundred and twenty-two dollars, of which Duplessis gave notice to the plaintiff, who refused to receive it, unless the defendant also delivered him the notes with an endorser. It does not appear that the plaintiff named the endorser, or that the defendant offered to deliver the notes at all. The defendant put in the plea of payment, with leave to give in evidence the special matter; and also a plea of duress. The defendant's counsel gave notice to the plaintiff's counsel, that at the trial he should, under the place of payment, give in evidence the agreement between the parties, made after the institution of the suit, and should also rely on the duress. When the defendant offered to give evidence of the agreement made at Duplessis's office, it was opposed by the plaintiff's counsel, upon the ground that payment refers to the time of the action brought; and that in this court, where there is an equity and a law side, no evidence short of actual payment, and even that, antecedent to the action brought, could be given; though it was admitted, that under an old law of this state, operating upon the state tribunals, which unite the law and equity jurisdictions, any evidence may be given, which tends to show that the debt ought not to be paid. The agreement in this case, having never been executed, cannot, upon any principle, be given in evidence on this plea.

WASHINGTON, Circuit Justice. The objection is premature at present. We do not know what the agreement was, or whether it was executed or not. The evidence was then given.

Dallas, for defendant, contended that the plea of duress was, in this case, a complete defence against the plaintiff's recovery on these notes. The defendant having been discharged under the insolvent laws of this state,

could not be legally arrested for the same debts in Delaware.

BY THE COURT. The arrest in Delaware being legal, by the laws of that state, a court of this state could not consider it unlawful, although it would have been unlawful, had it been made in this state. The plea of duress, therefore, cannot be supported.

Secondly, Mr. Dallas contended, that the suit was discontinued in consequence of the agreement at Duplessis's office; but, at any rate, that agreement having been executed by the defendant, as far as it was in his power, is a satisfaction of the notes given in Delaware, and may be given in evidence, under the plea of payment, with leave; for any defence may be taken under this plea, which shows that the plaintiff, ex equo et bono, ought not to recover. The defendant paid the money, which, by the agreement, he stipulated to pay; and the refusal of the plaintiff to accept it, unless the defendant would deliver him notes, with an endorser, to be named by the plaintiff, (which he was not bound to do,) dispensed with the necessity of a regular tender of notes.

Levy and Philips, for plaintiff, contended, that the defendant having pleaded to the action, it was too late to insist upon the discontinuance of the suit; that the defendant had not made such an offer to perform his part of the agreement, as he was bound to make; and that if he had done so, still a promise of a lesser sum, though the security be bettered, and though it be accepted, is not a satisfaction. Were this a suit in equity, the court would not assist the defendant, without his offering to pay the whole six hundred dollars.

Dallas, in reply, stated a new point, viz., that the plaintiff could not recover, without first delivering up the defendant's endorsements, which formed the consideration of the notes in suit, and which may hereafter come against him.

WASHINGTON, Circuit Justice (charging jury). The defence is, first to the action, and secondly to the claim, on which the action is founded. It is said that this suit was once discontinued, and could not afterwards be replaced on the docket, without the assent of the parties; if not so, still that the debt created by those notes, was discharged by the subsequent agreement, which took place at Duplessis's office. The first defence cannot be noticed under either of the pleas in the cause, being inconsistent with them. This amounts to saying that there is no cause in court, and the pleas admit there is, but controvert the right of the plaintiff to recover in it. The defendant ought to have taken advantage of the discontinuance at an earlier period, and in a different way. By appearing and making defence, he waives the objection. The second ground of defence is consistent with the plea of payment, if the defence itself be good. This is the way in which we understand the contract made at Duplessis's office,

according to his evidence. That the plaintiff agreed to receive of the defendant six hundred dollars, instead of the sixteen hundred dollars which he owed him, upon condition that one hundred and twenty-two dollars of the money was paid to Duplessis for the plaintiff, in two days; and the balance in a note, to be drawn payable to Duplessis, who was to endorse, without recourse. but which was to be endorsed by some person, to be named by the plaintiff. As to this second endorser, the evidence being differently understood by the defendant's counsel, and by the district judge, I shall consider the case both ways. If my understanding of the agreement be correct, then it is the opinion of the court, that the defendant has not shown either an actual or a technical performance on his part. He ought to have offered the notes signed, and endorsed by Duplessis, and tendered himself ready to have it endorsed by such a person as the plaintiff should nominate. If he seeks to make his offer to perform equivalent to performance, it lies upon him to show that he did all that was in his power, or offered to do it. It is said that the plaintiff dispensed with the offer, as I have stated it, by refusing to take the money, unless the note was endorsed. But, if I take the agreement correctly, had he not a right to make the objection; and when made, ought not the defendant to have proceeded as far as he could? Certainly he ought. But, secondly, if by the agreement a responsible endorser was not to be given, then where is the ground even of equity, for considering this agreement a discharge of the prior debt? What is it, but an executory agreement, induced by no consideration whatever, to take six hundred dollars in lieu of sixteen hundred dollars? and would equity enforce such a contract? Surely not. I speak of the equity of the case, because it is laid down, that under the plea of payment with leave, evidence may be given, which shows that ex equo et bono, the debt claimed should not be paid. I understand the law to mean, that if the debt has, in whole or in part, been actually paid, or if by any means it has been extinguished, as by a contract of a superior nature; or has been released; or if the debt be not in conscience due; or has by some means been satisfied. so that it would be unconscientious in the plaintiff to demand it; such evidence may be given. But this debt has not been paid, or released, or extinguished, by a contract superior in dignity to the original debt, which was once fairly due; it has not been satisfied; nor would the agreement, if executed, have amounted to a satisfaction, being for a less sum, without even the consideration of bettering the plaintiff's security. Ex aequo et bono, then, this debt is still due; and nothing has occurred, actually or technically, to discharge it.

The last point is susceptible of more argument. in favour of the defendant. The paper which had produced the liability of the defendant, and in discharge of which the notes in question were given, is negotiable; and if it has been transferred by the plaintiff, the defendant may hereafter be called upon to pay it, by a bona fide assignee, without notice; against which claim, the payment of these notes would not protect him. But I think the agreement of the parties, made at the time when these notes were given, precludes the defendant from making this objection; at any rate, until he is ready to pay the money. Though there is no reason, in point of law, why judgment should not be given for the plaintiff, still the court would have it in its power to protect the defendant against the supposed danger of being twice made liable; by staying execution until the note is produced, or by enjoining the judgment. On this latter point, my brother justice doubts, whether the objection does not go to the right of the plaintiff to recover in this action, until the note is produced. The plaintiff's counsel undertook to produce the note before the money should be paid; and to give any security to indemnify the defendant against all other claims.

Verdict for plaintiff.