Tilghman C. J.
By the law as held in England, it seems to be well settled, that the purchaser who has a warranty which is broken, may either avoid the contract by returning the article purchased, or suffer it to exist and seek redress by action on the warranty. But if he keeps the goods and is Sued for the price agreed on, he cannot defend himself by force of the warranty. Neither can he make use of the warranty by way of set off, because a demand of that kind is not within the English statutes of set off. Our defalcation act is more extensive than the English, and permits tire defendant on plea of payment, to give in evidence any bond, bill, receipt, account, or bargain, by virtue of which he has a claim against the plaintiff. It has been held (1 Sm. L. 51, (note) 2 Dall. 237. Kachlin v. Mulhallon), that the right of set off, under this act, does not embrace a claim of unliquidated damages for any matter in nature of a tort, because in such cases there is no standard by which the damages can be estimated. (1 Sm. L. 52, (note) Sweitzer v. Garber.) But in the present case the objection is not so strong; the amount of damages, to be sure, cannot be reduced to a certainty, but the price agreed to be paid, for the article purchased, is some rule to assist in making the estimate; it is a boundary beyond which the damages cannot be reasonably suffered to pass. *479 Where the cause of action, which the defendant wishes to set off, arises from the same transaction on which the plaintiff founds his action, there is great convenience in having both decided by the same jury. It saves expense, avoids multiplicity of suits, and can do no injury to the plaintiff; because, having received notice by the defendant’s plea-, he may defend himself with as much advantage in that form as if he answered to an action brought on the warranty. Considering then, that the case falls within the words of our defalcation act, which has been extended by a very liberal construction in practice, I am of opinion, that the defendant might have taken advantage of the warranty, without returning the stones, or giving notice to the plaintiff to remove them. The judgment must, therefore, be reversed, and a venire facias de novo awarded.
Ye ates J.
In England this defence could not be set up in a court of law. In the light of a set off it would not be received, because the damages intended to be defalked, would be considered as unliquidated. The buyer would be left to his action on the warranty. In Pennsylvania it has been often remarked, that our defalcation act is much more comprehensive than the British statutes of set off. The defendant may plead payment of all or part of the debt or sum demanded, and give any bond, bill, receipt, account, or bargain in evidence. Our 39th rule of practice contains such provisions as prevent all surprise. I still, however, adhere to the opinion which I delivered at Nisi Prius, in Kachlin et al. v. Mulhallon et al. 2 Dall. 237, that unliquidated damages in covenant, sounding merely in tort, cannot be defalked under our system of judicial proceedings. In such cases, individual feelings determine the quantum of cotnpensation, without any known standard. That objection does not occur here. If the burr stones were of so bad a quality, as to be wholly useless in the hands of the vendee, it would operate against a recovery of any part of the sum agreed upon. If they were of so inferior a gráde as that the mill stones would not sell for above two-thirds or one-half of the sum which good mill stones would command at a fair market, the sum recovered •would naturally be in the same proportion, so that there would be some rule of estimating the injury sustained. I concur with the Chief Justice, in Murray v. Williamson, 3 *480 Binn. 137, that I would gladly embrace every principle which prevents multiplication or circuity of action. The alleged defence here, springs out of the transaction which gave birth to the promissory note. The plaintiff in error,, complains of a breach of contract, for which he might maintain assumpsit. It is not such a tort as would die with the person. I take it, that the law is laid down too broadly in the charge of the court. Circumstances might be laid before the jury fully accounting for not returning the stones to the seller, or giving him notice to take them away at his own expense, and the prejudice which might otherwise arise against the cause of the buyer, might thus be in a great measure done away. How far the buyer has recognised the justice and fairness of the sale by his conduct, was a matter of fact to be determined by the jury. I am of opinion, that the judgment be reversed, and a venire facias de novo be awarded.
Brackenridge J. concurred.
Judgment reversed, and a venire facias de novo awarded.