The opinion of the court was delivered by
Duncan, J.
The defendant below did not offer the evidence by way of defeating the action, but as a set-off or equitable defence, *276 under the plea of payment; so far claiming a deduction from the demand, as he was damnified by breach of contract on the vendor’s part, in not delivering him the sheep. If Shaw had refused to proceed on the contract totally, on the ground that Badger had disposed of the sheep to others, and had been sued, no doubt this objection would have prevailed; for although they were separate articles, and sold for separate prices, it does not follow that the contract was not a gross one. The butcher might well say, I will not take the cattle without the sheep. The sheep might have risen in value, and the cattle fallen. Suppose a country storekeeper buys a quantity of sugar, and a correspondent quantity of coffee, the merchant cannot force one article on him without the other. The sugar would not make an assortment without the coffee. But by accepting the cattle, paying for them in part, and tendering payment for the whole, deducting his loss for non-performance of the contract, as to the delivery of the" sheep, he has destroyed the presumption of joint contract. Gilb. Law of Ev. 191. Baker v. Sutton. But, even then, it is quite clear, that the vendee, by way of equitable defence, arising originally from the same transaction, according to Heck v. Shener, 4 Serg. & Rawle, 249, and Steigleman v. Jeffries, 1 Serg. & Rawle, 477, might avail himself of it, and would not be obliged to resort to a cross action; and there a plain and convenient rule was established, i£that, where the cause of action which the defendant wishes to set off, arises from the same transaction, as that on which the plaintiff founds his action, he may have the latter decided by the same jury.” This saves expense, avoids multiplicity of suits, and can do no injury to the plaintiff, because, having- received notice, he may defend himself in that form with as much advantage as if he answered to a cross action, and as to set-off, it is in the same right. J know not of any case of contract, in which they can, under our act of assembly, be excluded, unless where the demand against the plaintiff, arises from an act done by him of a tortious nature. Gogel v. Jacoby, 5 Serg. & Rawle, 122. It was truly said, in that case, that our act of assembly was twenty-four years before the British statute, and its words more comprehensive. The British statute is confined to mutual debts. Our act of assembly provides, that if two or more are dealing together, and be indebted to eacb other, on bonds, bills, bargains, promises, or the like. And in such acaso as the present, the courts of Westminster it the present day would allow the set-off; for in Fisher v. Samuda, 1 Campb. 190, the same as this case precisely, considering the whole as a joint contract, though consisting of several articles sold at several prices, they decided that a party will not be obliged to accept of part, unless all are furnished on the terms agreed on; yet deciding, that if he accept of any one article, he is precluded from saying the contract was entire. The question of set off was not made, but the reporter adds, {C There has been of late years a strong inclination in our *277 courts, as far as is consistent with the rules of law, to do substantial justice between the parties at once, without creating the necessity of a cross action;” and he refers to Fansworth v. Garrow, page 38, which goes very far to support the doctrine; for in a quantum meruit for work done, where the defence was, that it was negligently done, Lord Elleneohoitgh observed, that, in deference to Justice Btm.EE, he had adjudged that in such cases a cross action was necessary, but, on conference with other judges, he considered the rule to be a correct one, that if there should be no beneficial services, there should be no pay; but if some benefit has been received, this shall go to the amount of the plaintiff’s demand ; the claim shall be co-extensive with the benefit. Either as an equitable defence or a set-off, — no matter which it is called, — the plaintiff in error had a right to go into the inquiry he proposed. If the plaintiff below could prove a recession of the contract as to the sheep, then the defendant would fail. The amount of the damages could not perhaps be reduced to a numerical certainty, but there would be rules of estimation, according to the evidence, beyond which the damages could not be suffered to pass. It was not a claim for unliquidated damages, for any matter, ex delicto, or in the nature of a tort: and in its nature it gave a standard, beyond which the damages could not be estimated; for matters souding merely in tort, without any known standard, cannot be defalked under our system of judicial proceedings with regard to set-off. That objection cannot be made here.
Judgment reversed, and a venire facias' de novo awarded.