The opinion of the court was delivered by
Tilghman, C. J.
This was an action of- replevin, brought by Beynolds, the plaintiff below, against Anderson and Gourley, *440 the plaintiffs in error. Anderson avowed for rent, and Gourley made cognizance as his bailiff; the plaintiff replied, “Nothing in arrear,” and on that issue was joined. The plaintiff offered in evidence various services performed by him for Anderson, his landlord, and several articles sold and delivered to him, all which are specified in the several bills of exception taken on the trial. The defendants objected to all.this evidence, but the court admitted it, on which exceptions were taken by the counsel for the defendants. The evidence might have been given to prove payment of the rent, the jury being instructed by the court that it would have amounted to a payment, provided the landlord had agreed to accept it as such, and not otherwise. But it appears clearly by the record, that the evidence was admitted, not as payment, but as a set-off, because the jury have found a balance of thirty-two dollars and twenty-two cents due to the plaintiff,, over and above the rent claimed by the defendant; and this could only have been done in case of a set-off, under our act of assembly. It is true, that, on the argument in this court, the counsel for the plaintiff asserted that the evidence was offered and received, to prove payment of the rent. But that would make their case no better; for then the jury would have had no right fio find a balance due to the plaintiff, and in so doing there was error. It is not my intention to give an opinion whether the plaintiff in replevin has a right of set-off against the landlord’s claim of rent, provided it was pleaded, or notice given of it. In the case before us, the parties were at issue on the point of rent in arrear or not; in which the general right of set-off could not arise. The court has several cases of replevin under'consideration, in which the law is unsettled, and the right of set-off may perhaps be- involved, and that is the reason of my abstaining from an opinion at present. It is enough to say, that, under the state of the pleadings in this action, a set-off was inadmissible. The judgment is therefore reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.