# Bartram *against* M'Kee, Clark & Co.

In an action brought in the common pleas to recover the price of carrying goods, the plaintiffs recovered a verdict and judgment for a sum less than 100 dollars, but which was reduced below that sum by a defence, on the ground of injury done to the goods carried; it was held, that the plaintiff was entitled to recover costs, although no affidavit was filed that his claim exceeded one hundred dollars.

ERROR to *Alleghany* county.

*James A. Bartram* brought this action against *M'Kee, Clark & Co.* to recover 300 dollars for carrying goods on the Ohio river. The defence was, that the goods were injured while in the possession of the plaintiff. The jury rendered a verdict for 99 dollars and 99 cents, upon which the court rendered a judgment with costs. To reverse the judgment as to costs, this writ of error was taken.

*W. W. Fetterman,* for plaintiff in error.
*Burke,* contra.

The opinion of the court was delivered by ·

ROGERS, J.—If suit be brought in court for a debt, or demand, made cognizable by a justice of the peace, the plaintiff is debarred from costs, unless before issuing the original writ, he files in the office of the prothonotary his oath or affirmation, that he verily believes the debt due on damages sustained, exceeds the sum of one hundred dollars. Notwithstanding the words of the writ, it has been held in repeated cases, that when the verdict has been rendered, below 100 dollars by set off, the plaintiff was entitled to his costs. *Grant et al.* v. *Wallace,* 16 *Serg. & Rawle* 253 ; 2 *Dall.* 75 ; *Sadler* v. *Slobaugh,* 3 *Serg. & Rawle* 389; *Spear* v. *Jamison,* 2 *Serg. & Rawle* 531. This is not denied, but it is contended that this is not a set off, but an equitable defence.

*Spear* v. *Jamison* in its circumstances resembles this case. The demand was for work, labour and services, principally done, in making coal for the defendant's iron works. The defendant claimed a deduction, among other matters, on account of the badness of coal in consequence of which, as he said, his iron works were stopped for a great length of time. It was objected, that this defence might be made under the plea of *non assumpsit,* and that it was not a set off. The court allowed the plaintiff his costs, although it must be admitted that they did not expressly decide on the validity of this objection; but the court of common pleas, having decided that the plaintiff's demand was reduced by set off, it was not re-examinable here. This court would intend, in the absence of all proof to the con-

[Bartram v. M'Kee, Clark & Co.]

trary, that there was a set off. If necessary, the plaintiff might avail himself of the same position here. This matter has been examined by the court of common pleas, who can investigate the facts; and it is impossible for us, from any thing which appears on the record, to say there was error. But although this is not strictly a case of set off, yet the defence is collateral to the action, and seems to me to come within the exception to the letter of the act. As in *Sadler* v. *Slobaugh,* the defence was not for any certain sum of money; the verdict might have been for more than 100 dollars, but whether he should receive more or less than 100 dollars, would depend on the opinion of those who should try the cause. As then, the amount of the injury to the goods was uncertain, and the deduction dependent on opinion ; it would be imposing a hardship, not within the extent of the evil, either to make it the duty to make the allowance, so as to reduce the claim within the jurisdiction of the justice, or to make an affidavit which would imply a doubt of its justice. If suit had been brought before a justice, for the freight, or in court, the defendant might decline making any defence, and bring a suit for the injury which he had sustained. He might allege, and truly too, that the injury was greater than 100 dollars, or the credit which the plaintiff had thought proper to allow. The consequence of which would be, that the jurisdiction of the justice would fail ; or the plaintiff, after allowing for the injury which he supposed the goods had sustained, would have found himself exposed to a suit on the part of the plaintiff. I think it plain, that a recovery of freight would not bar a suit for the charge the plaintiff had suffered, as otherwise it might operate very much to the injury of the plaintiff, who would recover a verdict only, although his injury may have been much greater than the whole value of the freight. In *Sadler* v. *Slobaugh*, where the plaintiff brought debt in the common pleas, on a single bill, for 100 dollars, due on the sale of a horse, and where the demand was reduced because of a warranty of the horse, who proved unsound, it is put on these grounds. It was there, as in this case, a defence collateral to the suit, and not a set off, nor was he compelled to make the defence. The plaintiff could not make oath of his belief of what would be the result. It would be unreasonable to require it of him—the result depended entirely on the fact whether the defendant chose to make defence in that action, or preferred to bring a separate suit for the injury which he had sustained.

Judgment for the plaintiff for costs.