## PETERSON v. HAIGHT.

May 14, 1836.

### *Demurrer.*

Where real estate is leased by A to B on condition that the lessee's improvements are to remain, and the expense to be partly borne by A, and B assigns the lease to C, who obtains a renewal of the lease on the same terms from A, makes the improvements, and then assigns the lease to D, and A distrains for the rent at the end of the term, D replevies, and A avows for the rent in arrear: *Held,* that D cannot set off the value of the improvements against the rent, although A has converted them to his own use, there being no privity of contract between A and D.

*It seems* that in replevin an equitable defence in the nature of a counter demand arising out of the same transaction is allowable.

*Quære,* If a set-off may be pleaded in replevin.

THIS was an action of replevin. It came before the court on the following facts and pleadings, viz.:

Charles Haight, on the 3d of June 1823, demised the property on the north east corner of Spruce and Seventh streets to Alfred Drake, for six years, at a rent of 286 dollars, payable quarterly. A. Drake

[Peterson v. Haight.]

had the privilege of renewing the lease for six years at the end of the term. The lease has this clause. "As A. Drake is at some expense in painting, repairing and fitting up with new doors, bulk windows, &c., C. Haight agrees to contribute 50 dollars towards such repairs of the premises, provided they amount to 160 dollars, or in that proportion if the repairs do not amount to so much ; but Charles Haight is not be liable for any repairs beyond the above proportion of the limited sum of 160 dollars. At the expiration of the lease, C. Haight is either to receive back the above mentioned 50 dollars, A. Drake leaving the premises respecting doors and windows as he receives them, or to take the improvements made by Alfred Drake at a fair valuation, with the deduction of the 50 dollars. Alfred Drake is to leave the premises generally in as good repair as at the time he receives possession of the same, they being now perfectly tenantable."

On the 30th of September 1828, Alfred Drake assigned his lease to Washington Jackson, having previously, as plaintiff alleged, expended in repairs "a large sum, viz. the sum of 350 dollars."

Charles Haight renewed the lease to Washington Jackson for six years from June 3d, 1829, according to the terms and conditions thereof. Washington Jackson, on the 1st of December 1830, assigned the lease to Jonas Green, who, on the 23d of June 1834, assigned the same to the plaintiff Peterson. Charles Haight never agreed or did any thing amounting to an agreement, to accept any one as tenant in place of Washington Jackson.

On the 3d of June 1835, when the lease expired, there was a balance of rent due Charles Haight, viz. 269 dollars 17 cents. He distrained (entitling his distress as against Washington Jackson) on the premises for said rent. Plaintiff Peterson replevied. Defendants avowed for rent due from Washington Jackson. Plaintiff pleaded, *inter alia*, 4th, (setting forth the lease to Alfred Drake *in extenso*) that he, Alfred Drake, expended in repairs "a large sum, viz. the sum of 350 dollars ;" all the assignments as above, and the renewal of the lease ; "that the said Charles Haight, on the 8th of July 1835, took the said bulk window, doors and other improvements so made and affixed to the premises by the said Alfred Drake and so assigned and transferred to the plaintiff, and sold, assigned and transferred the same to one Christopher Marshall."

The said Charles Haight sold the premises as they stood, to

[Peterson v. Haight.]

C. Marshall in July 1835, in fee-simple, which is the taking alleged.

The plaintiff further pleaded, " that the said doors, windows, &c. at the expiration of said lease, and at the time of the taking aforesaid, viz. on the 10th of July 1835, were worth, at a fair valuation, a sum of money exceeding the amount alleged to be due to said Charles Haight for rent, viz. : the sum of 300 dollars." Further : " at all times he was willing and offered, and is now willing and offers to submit the said bulk windows, doors and other improvements to a fair valuation according to the terms of said lease ; and that he has often demanded from said Charles Haight payment for the same, which the said Charles Haight hath refused and still doth refuse ; and the plaintiff is ready and willing, and now offers, as he often hath done before, to set off the value of the same, and the sum of money due to plaintiff from said Charles Haight for the same, and the damages which he the plaintiff has sustained by reason of the refusal of the said Charles Haight to pay for the same according to the conditions and terms of the above recited lease, against the sum claimed by the said Charles Haight for rent, and mentioned in his avowry aforesaid."

To this the avowants demurred generally.

The causes of demurrer alleged, were :

1. That no set-off can be pleaded in replevin.

2. That the plaintiff has pleaded or rather offered to plead a set-off of unliquidated damages.

3. That there is no privity of contract between the plaintiff and Charles Haight which would authorize the former to plead a set-off.

*G. M. Wharton,* for the plaintiff, cited : *Babing. on Set-Off* ; 2 *Saund. Pl. & Ev.* 358, 359 ; *Montague on Set-Off* 18 ; *Steph. on Pl.* 257 ; 1 *Saund. Pl. & Ev.* 436, 526.

*Whitman, contra,* cited : Steigelman *v.* Jeffries, 1 *Serg. & Rawle* 477 ; Read *v.* The Bank of Newburgh, 1 *Paige's C. Rep.* 218 ; Murray *v.* Williamson, 3 *Binn. Rep.* 135 ; Wolf *v.* Beal, 6 *Serg. & Rawle* 244 ; *Wilkinson on Set-Off* 74, 75.

The opinion of the Court was delivered by

STROUD, J.—The plaintiff in this replevin relies on the familiar rule of pleading, that a *demurrer admits all such matters of fact as are*

[Peterson v. Haight.]

*sufficiently pleaded.* What then are the facts contained in his plea? Taking them most favourably for him, they amount to this: that on the 3d of June 1823, a lease of the premises for six years, at a specified rent, was made by *Haight* to *Drake;* that it was then agreed by them, and so set forth in the lease, that if *Drake* should make certain improvements in the house, which was the principal subject of the demise, a proportion of the expense, not to exceed a named sum, should be borne and paid for by *Haight*; that at the end of the term, in case the contemplated improvements were made by *Drake,* and instead of restoring the property to its original condition (which might be done according to the agreement) these improvements should be left by Drake for the benefit of *Haight,* a valuation should be fixed upon them, and with the allowance of a specified deduction, Haight was to pay the amount of this valuation; that not long after the commencement of this lien, *Drake* assigned his term to Jackson; that before its expiration, *Jackson* obtained from *Haight* a renewal of the lease foran other six years on the same terms as the original lease from *Haight* to *Drake;* that after the commencement of the *second* term, *Jackson* assigned it to an individual who afterwards assigned it to the *plaintiff;* that this term expired whilst the plaintiff was in possession; that *Drake* during his lease made the contemplated improvements in the demised property; that these improvements were suffered to remain with the property at the end of the *second* term; that the *plaintiff* offered to have them valued, but *Haight* refused his concurrence; that this value, according to the plaintiff's estimate, is 300 dollars, which exceeds the amount of rent due and distrained for; and lastly, that *Haight* has made sale of these improvements, and thus converted them to his own use since the expiration of the second lease.

Assuming the correctness of this statement of facts, and conceding, for the sake of the argument, that an equitable defence in the nature of a counter demand arising out of the same transaction is allowable *in this action,* on the authority of Steigelman *v.* Jeffries, 1 *Serg. & Rawle* 477; Heck *v.* Shener, 4 *Serg. & Rawle* 249; Bayne *v.* Gaylord, 3 *Watts's Rep.* 301; or that even a set-off might be pleaded, a point never yet decided, but upon which Chief Justice Tilghman, in Anderson *v.* Reynolds, 14 *Serg. & Rawle* 439, has taken the trouble to intimate that he had formed an opinion on one side or the other; yet the plaintiff has failed in exhibiting a defence of either description. The lease of *Drake* expired on the 2d of June 1829, and the renewal

for another six years, by the agreement between *Haight* and *Jackson* on the same terms as the former lease, could mean nothing more than that *other improvements* might be made under their second lease, for which *Haight* would incur a responsibility correspondent in effect with what he had assumed under the *first* lease. But no such improvements are alleged to have been made; but the claim, the equitable defence, the set-off, or whatever other appellation may be given to it, is for *improvements* made by *Drake*, and under the lease to him, the right to avail himself of which, on no principle that we are acquainted with, could, without the consent of *Haight*, be transmitted to the *plaintiff*, a *third* assignee of the *second* term.

Judgment for the avowant.