## Leech *against* Baldwin.

In an action by a common carrier against the consignee, to recover the price of carrying, the defendant may set up as a defence, negligence or want of skill in the carrier, by which the goods were deteriorated in value.

ERROR to the common pleas of *Alleghany* county.

Robert Baldwin and others, owners of the steamboat "Abeona" against Malcom Leech.

The plaintiff gave in evidence a bill of lading, dated at New Orleans the 20th day of March 1833, signed by the master of the steamboat "Farmer," acknowledging the receipt of 90 barrels of molasses in good order, weighing 26,660 lbs., to be transported to Pittsburgh, and delivered to M. Leech, the defendant, freight to be paid by him at the rate of 60 cents per hundred pounds.

The plaintiffs then proved that the said molasses were transhipped from the said steamboat "Farmer" to the steamboat "Abeona," and delivered by the master of the latter to the defendant at Pittsburgh.

The defendant then proved by the testimony of witnesses that the said molasses received damage on the way from New Orleans to Pittsburgh, for which the carriers were answerable, and the amount thereof he insisted should be deducted from the plaintiffs' claim for freight.

The defendant's counsel then submitted certain points to the court, upon which the court charged as follows:

"We are asked by the defendant's counsel to charge the jury that this suit cannot be sustained by the plaintiffs—they not having been the owners of the steamboat 'Farmer,' nor parties in the agreement made at New Orleans for the transportation of the goods.

"The court is of opinion that this suit is well brought, and may be sustained by the present plaintiffs. The party accepting the freight is responsible to, and may be sued by the party delivering. And this, although there be no privity of contract between the consignee and the person delivering.

"The court is requested by the counsel for the defendant to charge the jury that the defendant is entitled to deduct the amount of damages sustained by him, in the loss or deterioration of the goods, as proved.

"The liberality of our legislature and courts on the subject of set-

[Leech v. Baldwin.]

off, has not reached cases of the kind now under consideration. We are to follow in this case, the well established rules of mercantile law, which, it is admitted, would in England at least, prevent the set-off now claimed. Until a different and a new rule is furnished by our supreme court, we are for an adherence to the English cases upon the subject.''

The decision of the court below on the first point was acquiesced in, and was not argued here.

*Lowrie*, for plaintiff in error, cited 1 *Eng. Com. L. Rep.* 308; 4 *Camp.* 119; *Abbot on Ship.* 293; 5 *Bos. & Pul.* 139; 1 *Watts* 39.

*M'Candless*, for defendant in error, 3 *Kent's Com.* 225; 12 *East.* 393.

The opinion of the Court was delivered by

HUSTON, J.—The first error assigned has been abandoned here and the cause turns on the second point proposed to the court, and their charge on it. The suit was for the price of carrying goods (molasses) from New Orleans to Pittsburgh. The defence, as appears by the second point, on which the opinion of the court was requested, was, that the article carried was in part lost, and the residue injured by mixing water with it; and the court were requested to charge the jury, that " defendant was entitled to deduct the amount of damage sustained by him in the loss or deterioration of the goods as proved.'' The court did not so charge the jury; but said, we are inclined to follow the well established rules of mercantile law, which it is admitted would, in England, at least prevent the *set-off* now claimed.

In England, by statutory provision, mutual demands may, in the specified cases, be set off against each other. In this state, as early as 1705, we find an act of assembly which provides; " If two or more dealing together be indebted to each other upon bonds, bills, bargains, promises, accounts, or the like, and one of them commence an action in any court of this province, if the defendant cannot gainsay the deed, bargain, or assumption upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the sum demanded, and give any bond, bill, receipt, or bargain in evidence; and if it shall appear,'' &c., &c. Now, independent of decision, it is apparent that the plaintiff, whether you call it a bargain or assumption, undertook and agreed to carry and deliver these goods safely; and the defendant undertook to pay for the carriage; and the case would come within the express words of this act. But, in addition, we have numerous decisions on the construction of this act; and it has been often and uniformly said, it goes beyond the English statutes of set-off. I shall cite a few of them, which seem to decide this case.

[Leech v. Baldwin.]

In an action for the price of burr millstones, and warranty of quality by the seller, the purchaser being sued for the price, may have a deduction, because they were not of the quality warranted; and this without returning them or giving the vendor notice to take them away.· And it is there laid down, that in cases where the cause of action, which the defendant would set off, arises from the same transaction on which the plaintiff founds his action, it may be defaulked.    Steigleman *v.* Jeffries, 1 *Serg. & Rawle* 477.

In an action for services as a housekeeper, and for goods sold, evidence of misconduct by the plaintiff, and embezzling property of the defendant, though not admissible strictly as a set-off, may be given in evidence, under our act, and the rule in the above case. Heck *v.* Shener, 4 *Serg. & Rawle* ·249.

The defendant cannot give evidence of a breach of contract in a different transaction on which unliquidated damages might be due to him; but he may give evidence of nonfeasance or misfeasance, by the plaintiff in the matter which is the cause of the action trying; not as a set-off, strictly, but for the purpose of defeating in whole or in part, the plaintiff's cause of action.    Gogel *v.* Jacoby, 5 *Serg. & Rawle* 117–122.    It'has been constantly decided, that under this act, even in debt on bond, a defendant may give in evidence any thing which could be proved by defendant in assumpsit, to show that the plaintiff was not entitled to recover in whole or in part.    Latapee *v.* Pecholier, 2 *Wash. C. C.* 180.    The authority of Chancellor Kent, and the authorities cited by him, have been adduced on the other side; but it seems to me, that he does not discuss the question.    See 3 *Kent's Com.* 177–8, or in last edition, 225.    He says, the carrier is no more an insurer of the soundness of the cargo at the place of delivery, than of his price at that place.    And again; if he has conducted himself with fidelity and vigilance in the course of the voyage, he has no concern with the diminution of the value of the cargo—and again; if casks contain wine or other liquids, or sugar, and the contents be washed out and wasted by perils of the sea, so that the casks arrive empty, no freight is due; but the ship owner would still be entitled to his freight, if the casks were well stowed, and the contents were essentially gone by leakage, or inherent waste, or imperfection of the casks.    Now this may be all true; but it is not to the point in this case.    The allegation is, that the damage arose from part of the molasses having been drawn out and in some casks supplied by filling them with water; now this, if true, does not present a case of fidelity and vigilance in the carrier, or loss from defect of casks.

I shall say nothing which can affect the merits; but by the law, as settled in this state, by legislative and judicial authority, if a plaintiff carrier, by land or sea, has not faithfully performed his part, he cannot recover full compensation; and a jury may and ought to make an abatement from the price of carriage, according to the principles established by the cases cited from our own books.

[Leech v. Baldwin.]

And in 1 *Watts* 39, we find the point taken for granted, in the common pleas and in this court; although that case was much contested, and carried through all the courts, the very point now in contest was not made. A deduction from the price of freight was made on account of damage to the goods, and no one then supposed that it was error.

The questions which arose when the goods are not carried to the place of consignment, or are lost by the way, or whether consignee is liable for the freight, if they arrive, or whether the carrier has a lien, and may retain for freight, are questions of maritime law ; but this is not one of these questions. It is, simply, whether a person, who has undertaken to perform a service for hire, and has performed it so negligently or dishonestly as to occasion loss to the employer, can recover full compensation, as though all had been done according to the contract. All our decisions say he cannot so recover. The defendant if he can prove any facts which go to show, that the plaintiff did not perform his part of the contract, or from negligence, or want of skill, performed it in such a manner as that the defendant suffered loss, may have the amount of that loss, as ascertained by the jury, deducted from the amount of the plaintiff's claim.

Judgment reversed, and a *venire de novo* awarded.