## GAW *v.* WOLCOTT.

10    43
24 SC 485

Under the general issue, without notice of special matter, defendant may prove that the work was done in an unworkmanlike manner.

In error from the Common Pleas of Philadelphia.

*Jan.* 31. Assumpsit for work and labour done. Plea, non assumpsit. Defendant offered to show that the work was done in an unworkmanlike and insufficient manner, which, on objection for want of notice of the special matter, PARSONS, J., rejected. There is no rule of court on the subject.

The court declined hearing *O'Donnel,* for plaintiff in error, and called on *H. M. Phillips* to support the judgment, who referred to some authorities requiring notice of special matter to admit such evidence, under the plea of *payment.*

*Feb.* 2. BELL, J. The court below, in rejecting the proffered evidence, fell into the error of confounding the Pennsylvania plea of payment, with leave to give the special matters in evidence, which requires notice, with the general issue, as it is somewhat

inaccurately called, in assumpsit, which requires none.    It would be difficult, if not impossible, to find in the circle of pleas, one broader and more comprehensive in its capacity than the common-law plea of non assumpsit.    By it the defendant puts his antagonist upon proving his whole case, and entitles himself to give in evidence anything which shows that, at the time the action was commenced, the plaintiff, *ex æquo et bono*, ought not to recover. This is especially true of everything going to the *consideration*, which is the gist of the action.    From the very nature of the subject, such an inquiry must frequently take a wide range, and may occasion some inconvenience, which the courts of Westminster have attempted to remedy by their new rules.    In consonance with the broad principle adverted to, it is said by Peake, Law of Ev. 248, that if the plaintiff's demand be compounded of skill and materials, and he has greatly misconducted himself, this fact furnishes a defence under the general issue; and, by way of illustration, he puts the case of an ignorant and unskilful physician or apothecary.    The same rule is recognised in Sisson *v.* Willard, 25 Wend. 373, which was an action for altering an ordinary mill into a steam-mill.    The defendant was permitted to show the steam-engine was worthless, under the general issue; the court saying that in an action on a contract, where the plaintiff is bound to show performance on his part, to entitle himself to recover, the defendant may, under the plea of the general issue, show non-compliance on the part of the plaintiff, without special notice; for that which the plaintiff must prove, the defendant may disprove.    The rule is very distinctly stated in 1 Ch. Pl., under the proper head; and, in a very late English case, it is held that, ever since the new rules, under the general issue to an action for goods sold and delivered and for work done, the defendant may prove the goods delivered were not such as he contracted for, or that the work was done in an unworkmanlike manner: Cousins *v.* Paddon, 2 Cr. M. & R. 547.    But what is conclusive with us, is our own case of Heck *v.* Shener, 4 S. & R. 258, where, in an action brought by a housekeeper for wages, the defendant, under the general issue and without notice, was permitted to prove the plaintiff's misconduct in her office, to defeat her claim.    The late Chief Justice of this court, after giving the general rule, says, "It is evident, upon the same principle, if a physician sues me for his services, I may give evidence that he has treated me unskilfully; or, if a carpenter brings suit for work done for me, I may show it was badly done."    The present Chief Justice observed, "It is

extremely clear in this case, neither pleading nor notice was necessary. The evidence was strictly admissible under the plea of *non assumpsit*, for it went to the *consideration*, which is the gist of the action." The same remark is true of the evidence offered and rejected in this case. The Court of Common Pleas thought that notice of special matter was necessary, but, in this, they failed to advert to the character of the plea put in.

On the argument here an attempt was made, by the counsel of the defendant in error, to distinguish between a defence that goes to the whole of the consideration and one that assails it but partially. But there is nothing in it; failure of part, as well as of the whole, may be shown under the general issue.

. Judgment reversed, and a *venire de novo* ordered.