# Blessing *versus* Miller.

102   45
140   601
102         45
24 SC  485
25 SC  381

1. Under the plea of non assumpsit, to a scire facias sur mechanic's lien, the defendant may set up any equitable defense showing failure of consideration, in whole or in part, of the contract which is the gist of the action.

2. In such case the defendant is not required, under the rule of court in Philadelphia county, to give notice to plaintiff of special matter in advance of the trial.

3. A. agreed to furnish B. with bricks of different specified qualities for a particular building in such proportions as B. should require them, at a stated average price per thousand.   He subsequently filed a mechanic's claim for a balance alleged to be due, to which defendant pleaded non assumpsit, payment and set off with leave, etc.   On the trial defendant (not having given notice of special matter) set up as a defence that plaintiff furnished an excessive proportion of low grade bricks and a deficient number of the higher grades, contrary to demand and remonstrance, by reason whereof defendant was compelled to purchase the higher grades at a larger price.   Further, that upon notice to plaintiff to take away the

[Blessing *v.* Miller.]

surplus low grade bricks or they would be used in another building at the market rate, he refused to take them away. The court below instructed the jury that the above defence could not be set up, and that if defendant used the surplus low grade bricks he was bound to pay for them at the contract price.

*Held*, to be error. The facts should have been submitted to the jury as tending to show not a set off, but an equitable defence, admissible under the general issue; further, that the defendant (if liable at all in this action for the surplus bricks used by him under his notice to plaintiff) was only liable for their market value.

January 2d 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county :* Of January Term 1882, No. 400.

Scire facias sur mechanic's claim, by Wilbur F. Miller against Charles A. Blessing. Pleas, non assumpsit, payment, set off with leave, etc. No notice of special matter was given by the defendant before trial.

The facts of the case, as they appeared on the trial, before ELCOCK, J., are fully reported in the opinion of this court. The verdict was for the plaintiff for $277, and judgment was entered thereon. The defendant took this writ of error assigning for error the following portion of the charge of the court :

" If defendant failed to pay for the bricks as they were delivered, he cannot insist upon performance on the part of the plaintiff, nor can he set up as a defence the difference in the price of bricks he bought of other parties to the claim of the plaintiff for such bricks as were delivered. If the defendant at any time used the bricks which were not required in the building, he is obliged to pay for them at the contract price."

*John Roberts*, for the plaintiff in error.

*David C. Harrington* (*J. Ring* with him), for the defendant in error.—The defendant having failed to give notice of special mattter under his pleas of payment and set off with leave, etc., as required by rule of court in Philadelphia County, was not entitled to set off against plaintiff's claim his alleged damage arising from his purchase in the market of high grade bricks at a higher rate than the contract price : Finlay v. Stewart, 6 P. F. S. 183. The charge of the court is not al-printed, and this court will not reverse on a dismembered sentence : Little Sch. Nav. & Coal Co. *v.* French, 2 W. N. C. 718 ; Reeves v. R. R. Co., 6 Cas. 460. The charge must be considered with reference to the pleadings, and so considered the portion assigned for error was right : Ferry Co. *v.* Steamboat Co., 2 W. N. C. 453.

Mr. Justice CLARK delivered the opinion of the court, February 5th 1883.

[Blessing *v.* Miller.]

This was a scire facias upon a mechanic's lien, filed by Willbur F. Miller, against the property of Charles A. Blessing, for bricks furnished by Miller in the erection of a certain factory building, on the corner of Montgomery avenue and Randolph street in the city of Philadelphia.

The pleas, filed by the defendant, were "non assumpsit, payment, set off with leave, etc."

The claim as filed, is stated to have been put in evidence, but the specific items, are not given in the formal bill of exceptions sealed. There is no controversy, however, that bricks were furnished, in quantity as charged in the lien. The claim is for two hundred thousand bricks at $6 per thousand, and it was admitted that the defendant had paid $950 on the purchase.

The contract for the sale and delivery of these bricks was brought about chiefly through the agency of Adam Schmunk, a brick mason employed by Blessing to construct the building. On the 2th day of December 1879, Schmunk visited the brick-yard of Miller, in the interest of Blessing; Schmunk gave the size of the building, thickness of the walls, &c., and an estimate was made as to the number of bricks required, whereupon Miller agreed to furnish the whole at the rate of $6.00 per thousand. On the 20th day of December, then next, Miller called upon Blessing, and received $300, in advance, upon the contract, which was then set forth, in writing, in the words and form following, viz:

"Received, Philadelphia, December 20th 1879, of C. A. Blessing three hundred dollars, in advance, on account of two hundred and fifty to three hundred thousand bricks, to consist of salmon, stretchers and hard bricks, as he may require them, sold to the said C. A. Blessing, December 2d 1879, at $6 per thousand, but at present stored and held at my yard for him and to be delivered when required by him.

$300.                               WILBUR F. MILLER."

The contract embodied in this receipt is specific and clear : the bricks sold were of those stored at the brick yard of Miller; the quantity was estimated at from 250,000 to 300,000 ; *they were to be salmon, stretchers and hard brick as he (Blessing) should require them,* they were to be regarded as sold to Blessing on the 2d December 1879, they were to be delivered whenever required ; the price was fixed at $6 per thousand, and the $300 was an advance payment. There was no specific time designated for payment of the price, but payments were in fact afterwards made, from time to time, as the bricks were delivered.

[Blessing *v.* Miller.]

The plaintiff's claim is upon his lien as filed, but as the materials charged were furnished under the contract, embodied in the receipt, his recovery is of course dependent upon it.

The defence set up was that Miller furnished an undue proportion of the salmon bricks, an inferior grade or quality, worth from $3.50 to $3.75 per thousand, and unsuitable for some parts of the work; that when Blessing remonstrated against this he continued to send more; that he refused to deliver the hard bricks and stretchers when required, and finally ceased to deliver altogether; sold the bricks to other parties, and, demanding payment for what was delivered, gave no further attention to his contract; that, in consequence of this, the work of construction was stopped, the workmen were thrown out of employment, and, in order to complete the building, the defendant below was obliged to go into the market and buy other bricks, suitable for the purpose, at $8 to $10 per thousand; that after the building was completed there remained some thirty thousand salmon bricks, which were not, and could not be used; Miller, having been notified to remove them, refused to do so, whereupon Blessing notified him that if they were not removed, he would use them in the construction of a foundry which he was then building, and would allow Miller $3.50 per thousand for them; the bricks were not taken away, and were so used.

Under these alleged facts, the defendant below claimed the right to a deduction, in damages, for the injury thus actually sustained by him, and, we think, the court erred in not submitting his claim to the jury.

It is contended, on the part of the defendant in error, that, under the rules of court, as there were no specifications filed of the intended matters of set off, the claim could not be considered.

The defence set up in this case is an equitable defence, which arises out of the same contract and transaction upon which the plaintiff below brought his suit, and the claim is not therefore presented as a set off. No notice or specification was required under the rules of court. The evidence was strictly admissible under the plea of the general issue, for it went to the consideration, which is the gist of the action: Heck *v.* Shener, 4 S. & R. 252. Injuries inflicted by distinct violations of the original contract, as springing from the same transaction, may be introduced by way of equitable defence, to be compensated in damages: Eckel *v.* Murphey, 3 Harris 494. The defence alleged is admissible, not as a set off, but because it was not such, it affected the consideration of the contract sued upon, and was therefore competent to defeat the action, for if the consideration failed, in whole or in part, the plaintiff's

right to recover must also fail *pro tanto* : Patterson *v.* Hulings, 10 Barr 506.

This principle is sustained by a long line of cases in this court, from the case of Heck *v.* Shener, above cited, to the present day, among them we may cite Price *v.* Lewis, 5 Harris 51; Deen *v.* Herrold, 1 Wright 150; Wright *v.* Cumpsty, 5 Wright 102; Tiley *v.* Moyers, 7 Wright 404; Pownall *v.* Bair, 28 P. F. Smith 403.

The case of Pownall *v.* Bair, last cited, involved the precise question raised here, and it was there held (WOODWARD, J.) that "the defence was legitimate under the plea of non assumpsit. The action was for commissions which the plaintiff claimed to have earned in his employment under his contract with the defendant. The allegation of the defense was that the plaintiff, in the course of that employment, had been guilty of malfeasance. It reached directly to the consideration. Under the plea, the defendant was entitled to prove everything which could show that, at the time the action was commenced, the plaintiff *ex æquo et bono* ought not to recover : Gaw *v.* Walcott, 10 Barr 43. In Heck *v.* Shener, 4 S. & R. 258, which was an action brought by a housekeeper for wages the defendant, under the general issue, and without notice, was permitted to prove the plaintiff's misconduct, in her office, to defeat her claim. 'The evidence,' it was said by GIBSON, C. J., 'was strictly admissible, for it went to the consideration, which was the gist of the action.' A plea of set off would have been incongruous, as well as superfluous."

There are very many other cases to the same effect, but those already cited will suffice to indicate the footing upon which the defendant's case, as it appears at present, is to be considered and determined. "No doubt," as stated by SHARSWOOD, C. J., in the case of Hunt *v.* Gilmore, 9 P. F. Smith 450, "in such a case, if the defendant pleads only the general issue, or payment, with leave to give the special matter in evidence, and puts in no special plea or gives no notice of set off, while he is entitled to take defense to the extent of the plaintiff's claim, he cannot go beyond it, and have a certificate in his favor."

In this view of the case, it would appear that the defendant below had paid for the bricks with reasonable promptness. He could at the most only be held for payment on the footing of his contract; he was not obliged to pay for bricks, which he had not purchased, which were unsuitable for his purpose, and which were forced upon him against his will.

If the 30,000 salmon bricks which were not used in the factory building, could not be so used, were left over and were not removed by Miller, when required; and, if Blessing noti-

fied Miller that in the event that they were not removed, he would use them in the construction of the foundry, giving credit at the rate of $3.50 per thousand; and Miller still refused to take them away, we are of opinion that Blessing is only liable for those bricks at their actual market value, at the time, whatever that may have been, if liable for them at all in this action.

We think the court erred, therefore, in their instructions to the jury, on the points hereinbefore referred to and therefore the

Judgment is reversed and venire facias de novo awarded.