## Mulhearn *v.* Roach, Appellant.

*Practice, C. P.—Pleading—Plea of non est factum.*

On an issue framed after a judgment has been opened, where it is agreed that the contract shall stand for a declaration, and that the defendant shall plead non assumpsit, and the defendant so pleads, it is not error for the court at the trial to refuse to permit to be filed the additional plea of non est factum.

*Practice, C. P.—Evidence—Contract.*

Where on an issue framed after a judgment has been opened, it appeared that the paper containing the contract and warrant of attorney on which the judgment was entered had been abstracted from the records, it is not error to admit in evidence the entries in the continuance docket, as secondary evidence of the contract; and even if such evidence were questionable, it became unimportant and harmless where the defendant subsequently gave in evidence the contract and relied upon it for a defense.

*Judgment—Judgment note—Breach of condition.*

Where a warrant to confess judgment authorizes any attorney to appear and confess judgment for an amount named, the defendant has no standing to be first heard before entry of judgment.

Submitted Jan. 15, 1904. Appeal, No. 80, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1897,

484        MULHEARN *v.* ROACH, Appellant.

Statement of Facts—Opinion of the Court. [24 Pa. Superior Ct.
No. 696, on verdict for plaintiff in case of Mulhern and Judge
v. Ann Roach.   Before Rice, P. J., Beaver, Orlady, Smith,
Porter, Morrison and Henderson, JJ.   Affirmed.

Issue to determine the validity of a judgment.   Before Lit-
tle, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $485.   Defendant
appealed.

*Errors assigned* were  (1)  refusal to permit a plea of non est
factum to be filed;  (2)  admission in evidence of the continu-
ance docket.

*Wm. H. Hines* and *David Rosenthal*, for appellant.

*W. H. Gillespie* and *Edward A. Lynch*, for appellees.

Opinion by Smith, J., March 14, 1904:

Judgment was entered against the defendant in this case for
$485, on her confession contained in a " building contract,"
and on her application to have it stricken off the court granted
a rule for that purpose.   Subsequently this rule was " amended
to one to show cause why judgment should not be opened and
defendant let into a defense and the amended rule is [now]
made absolute."   On October 20, 1902, the court made this
order: " By agreement of counsel the issue in this case is made
up as follows: The contract to stand for a declaration and the
defendant to plead non assumpsit, and defendant pleads non
assumpsit, and above issue is approved as framed.   By the
court."

This order was made by the court after the defendant had
entered the plea of non assumpsit and the issue was agreed to
by both parties.   At the trial, before the jury was sworn, the
defendant's counsel asked leave to enter the additional plea of
non est factum, which the court refused.   The trial proceeded
to verdict and judgment for the plaintiffs for $428.18, and
upon discharge of the rule for new trial, the defendant appealed
to this court.   At the request of the defendant's counsel the
following agreement was made:

"Now, December 14, 1903, we, the undersigned attorneys for the plaintiffs in the above case, do hereby agree that the testimony in the above case need not be printed in the paper-book now being prepared by the defendant, it being understood that no portion of it is to be used but the portions on the first, second and third pages, which was excepted to as a matter of law when objection was raised to the introduction of these records, this being the first specification of error that is assigned by the defendants.

"The second specification of error is assigned to the court's action in sending the jury back to correct their verdict, and to judge's charge and answer to defendant's points. No questions of fact are to be argued based on any testimony.

"GILLISPIE AND LYNCH.

"Attorneys for appellees."

By this agreement the parties have limited the scope of our inquiry to the first and second specifications of error. The first relates to refusal of the court to allow the plea of non est factum. The appellant gives no reason for offering this plea and none appears in the record or the paper-book. It was not necessary to entitle her to deny the binding efficacy of the contract, because by the plea of non assumpsit "the defendant puts his antagonist upon proving his whole case, and entitles himself to give in evidence anything which shows that at the time the action was commenced, the plaintiff, ex æquo et bono, ought not to recover:" Gaw v. Wolcott, 10 Pa. 43. The record of the continuance docket was admitted as secondary evidence of the written contract, and therefore we cannot see that the action of the court in refusing the plea of non est factum did the defendant any harm. She was enabled, under the issue, to show any default whatsoever by the plaintiffs and make any defense to the action—pro tanto or in toto. For this the authorities are abundant: Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Blessing v. Miller, 102 Pa. 45. And when, as here, the judgment was opened generally and without restriction, she was entitled to deny the execution of the contract: Shannon v. Castner, 21 Pa. Superior Ct. 294, and cases there cited.

As the testimony has not been printed, we need not inquire

into the rulings of the court on the admissibility of the evidence. In the second specification, objection is made to the admissibility of the entries in the continuance docket. The portion of these objected to are the memoranda made of the entry and terms of the judgment authorized by the contract. It is alleged by the appellee and not denied by the appellant that, as the building contract contained the warrant upon which the original judgment was entered, it was filed with the prothonotary at the time of the entry of judgment, and was subsequently abstracted from the files; that the plaintiff was therefore obliged to give secondary evidence of the contract, which was the declaration according to the issue; and that the notes in the continuance docket were offered for this purpose. We are not called upon to go further into this feature of the proceeding. As the contract was expressly made a part of the issue in this case, the plaintiffs had a right to introduce it in evidence as the basis of their claim. And if it was withdrawn from the files without their knowledge, they had a right to give secondary evidence of its contents, and will not now be visited with the effects of this omission, for which, presumptively, they were not responsible. Furthermore, it appears from the charge of the court that after the objection to the admission of the continuance docket was overruled, this contract was given in evidence and relied upon by the defendant to establish her defense. The secondary evidence complained of, in this way became unimportant and harmless, and the admission of the contract removed all objections to the record memoranda of part of its contents.

We may here remark that the objection of the defendant that it "is immaterial and irrelevant and that the judgment purporting to be entered on its face is irregular and improvidently entered for the reason that no authority was given in the contract for the entry of the judgment. Second, that the judgment was improvidently entered for the reason that the record does not show that the defendant had any opportunity to be heard on the breach of the condition in the contract before the entry of judgment," falls short of raising, in a regular way, the objections discussed in the appellant's paper-book. It appears from the contract that the appellant expressly authorized "any attorney to appear . . . . and confess judgment for the full sum of $485, with interest and costs and five per cent at-

torney's fees for collection." And as nothing but the confession of judgment appears in that docket we fail to understand how it can be said to be irregular and improvidently entered. And as the contract provided for nothing by which the defendant might be first heard before entry of the judgment, there was certainly no breach of condition or contract in entering it. As these objections to the judgment lack legal substance we might well overrule the second specification for this reason.

Although it was expressly agreed that there should be but two specifications of error, the appellant now presents eight for our consideration. We have examined them all and find nothing in them deserving of special notice. The case was tried with care and the requests of the defendant received due consideration. The charge was fair, and gave the substantial rights of the defendant adequate attention. The complaint here that the plaintiffs failed to perform their part of the contract was very clearly and fully referred to; the conditions precedent which the plaintiffs were in duty bound to perform were discussed, and all the points of the defendant, covering that question, were affirmed. As shown by the verdict, the defendant was given credit for all she was entitled to. In requiring the jury to correct their verdict and to render one for a sum certain, the court was clearly right.

All the specifications of error are overruled and the judgment is affirmed.