IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

78   403
140   601

## Pownall *versus* Bair.

1. Walter, an agent for the sale of machines, appointed Pownall his agent; he employed Bair to assist him, Bair to receive a certain compensation from Pownall for each machine sold; he sold four machines, one on credit, negligently, to a man who was insolvent, by which there was a loss to a greater amount than the compensation for the sale of the four machines, for which loss Pownall was answerable to Walter: *Held*, that Bair was liable to Pownall for the whole loss.

2. In assumpsit in the common counts by Bair against Pownall for his compensation: *Held*, that under the plea of non-assumpsit, Pownall might, without notice of special matter, make defence for the whole loss, and was not limited to defalk the compensation for one machine.

3. The action being for compensation under a contract for employment, the misfeasance went directly to the consideration, and the defendant might prove whatever would show that *ex æquo et bono* the plaintiff should not recover.

4. If an agent sell to an insolvent person when proper inquiry would have enabled him to learn the facts, he is responsible to his principal for all the damages which are the natural consequences of his act.

5. Where an agent has become responsible to his principal by the misconduct of his own sub-agent, and has been compelled to pay his principal, he may recover from the sub-agent.

May 3d 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1875, No. 7.

This case commenced before a justice of the peace, from whose judgment an appeal was entered in the Court of Common Pleas, on the 10th of November 1870. The plaintiff was Abraham Bair

(403)

and the defendant George Pownall; the declaration was in the common counts; the plea was non-assumpsit.

On the trial, October 20th 1873, before Hayes, J., the circumstances of the case appeared to be as follows :—

Brinton Walter was the general agent in Lancaster county for the sale of the mower and reaper of Dodge, Stevens & Co., of Auburn, New York; the defendant was employed by Walter as his sub-agent, and the defendant employed the plaintiff to assist him in selling machines, agreeing to give him $12.50 on every machine sold. The plaintiff sold four machines; one of them was sold and delivered to a man named Wertz, on his promise to give a note for it next day, with good security; the note was not given, and. Wertz proved insolvent; the machine was returned to Walter some two years afterwards at a loss of $105.

The defendant alleged that the plaintiff when he sold the machine knew of Wertz's insolvency, and the only question was what amount of damages the defendant could interpose to the plaintiff's claim.

After the plaintiff had proved his case, as above stated, defendant testified, that he ascertained that Wertz wished to buy a machine; that he told plaintiff that Wertz was not worth anything, and directed him not to sell to Wertz; defendant was responsible to Walter for $105, which was the loss by the sale of the machine to Wertz.

There was other evidence as to Wertz's insolvency, and plaintiff's knowledge of it when he sold the machine; also, that Pownall was held accountable by Walter for the loss.

The court, after stating the facts, charged : * * *

" But if the jury believe from the evidence that he knew Henry Wertz's circumstances when he delivered the machine to him; that he let him take it away on his mere promise that he would give his promissory note with his father as surety; that he was previously forbidden to sell to Wertz by his employer, the defendant, then he was not only guilty of culpable negligence in parting with the property intrusted to his agency and care, but acted in the matter beyond and without authority, and, of course, would not be entitled to anything from the defendant for such sale. The defendant contends that Bair should account for the loss sustained by reason of this sale, to wit: the $105. But, in the first place, there is no plea of set-off in the case; again, the defendant has lost nothing; he says he is responsible to Brinton Walter; but he has not been called upon to pay anything on that account, nor has anything been demanded of him. He has therefore no claim upon the plaintiff which he could establish in a suit against him. Besides, Brinton Walter, as has already been stated, was not the owner of the machine, but the general agent to sell. On the whole, there seems to be no bar to the recovery of the stipulated amount claimed

[Pownall v. Bair.]

by the plaintiff of his employer, the defendant, on the sale of the three machines to unexceptionable purchasers, and if the jury come to that conclusion from all the evidence before them, they will find a verdict for the plaintiff to that extent, $12.50 for each machine, with interest."

The verdict was for the plaintiff for $45.25.

The defendant took a writ of error and assigned the charge for error.

*P. D. Baker*, for plaintiff in error.—If an agent by gross unskilfulness or gross negligence injures his principal he will be liable in damages, and will also lose his commissions : Story on Agency 409, 419, pl. 331, 333.  Under the common counts and the plea of non-assumpsit defendant may, without notice, give in evidence anything which shows that the plaintiff ought not *ex æquo et bono* to recover : Gaw *v.* Walcott, 10 Barr 43; Beals *v.* See, Id. 57. An agent is liable for loss occasioned by a sub-agent : Broun *v.* Arrott, 6 W. & S. 421; Clark *v.* Bank of Wheeling, 5 Harris 322.

*J. B. Amwake* (with whom was *W. A. Wilson*), for defendant in error.—The defence could be sustained only under the plea of payment with notice : Heck *v.* Shener, 4 S. & R. 258.

Mr. Justice WOODWARD delivered the opinion of the court, October 11th 1875.

Abraham Bair, the plaintiff below, entered into an agreement in the spring of 1869 with George Pownall, the defendant, who was the agent for the sale of mowing and reaping machines manufactured by the firm of Dodge, Stevens & Co., of Auburn, in the state of New York. · The general agent was Brinton Walter, from whom Pownall's authority to sell had been derived.  The arrangement between Bair and Pownall was, that for each machine sold Bair should retain a commission of $12.50.  In pursuance of the agreement, Bair disposed of four machines, and this suit was brought to recover $50, the commissions claimed upon those sales.  On the trial, it was alleged by the defendant, and evidence was given to show, that one machine was sold to Henry Wertz, whom the plaintiff knew to be insolvent.  After Wertz had used it for two years, this machine was taken back at a loss of $105.  The question in the court below was as to the measure of the damages which, under the facts alleged on his behalf, the defendant could set up against the plaintiff's claim.  The sale to Wertz was held to be a breach of the plaintiff's duty under his contract, and the jury were instructed, if they found the facts as the defendant asserted them, to defalk as damages a single commission of $12.50, the amount to which the plaintiff would have been entitled for a single sale.  The

court held that the defence could not reach to the residue of the plaintiff's claim.

In view of the verdict, the facts in the cause may for present purposes be assumed. The improvident sale by the plaintiff to Wertz involved a loss of $105. There was evidence that the defendant, in his running account with Walter, was responsible for that loss. The relation of principal and agent, so far as these transactions were concerned, was confined exclusively to these parties. The loss sustained was the direct result of the plaintiff's reckless negligence. Under such circumstances, the rule that confined the allowance of damages to the commission on the sale of a single machine was entirely too narrow and restricted. It was a general contract into which the parties had entered, and it was a general authority with which the plaintiff had been invested. His powers were not limited to a single transaction or a single series of transactions. He had undertaken to act for the defendant in the general sale of the machines upon certain specific terms; and the law imposed upon him the duty of acting with adequate care and prudence. Violating this duty, he became responsible to his principal for damages equal in amount to the loss caused by his delinquency. It is a doctrine of the text-books that if an agent "shut his eyes against the light, or sell to a person without inquiry, when ordinary diligence would have enabled him to learn the discredit or insolvency of the party, he will not be discharged from responsibility to his principal:" Story's Agency, § 186. "If he unnecessarily exceeds his commission, or risks the property of his principal, he thereby renders himself responsible for all losses and damages which are the natural consequence of his act :" Ibid., § 192. The application of these principles to the facts of the present case extends them to the plaintiff's entire claim for compensation. "The agent is entitled to his commission only upon a due and faithful performance of all the duties of his agency in regard to his principal. If he does not perform his appropriate duties, or if he is guilty of a gross negligence, or gross misconduct, or gross unskilfulness, in the business of his agency, he will not only become liable for any damages his principal may sustain thereby, but he will also forfeit all his commissions." Ibid., § 331.

The liability of the plaintiff to make good the loss caused by his negligence to the extent of the amount in controversy here is undoubted. There was no privity of contract between him and the general agent, Walter. Of course, there was no privity of contract between him and the manufacturers. His contract was with the defendant, and the duty he had assumed he owed to him. It was decided in Mainwaring *v.* Brandon, 8 Taunt. 202, that where an agent has become responsible to the principal by the negligence or misconduct of his own sub-agent, and has been compelled to pay damages therefor to his principal, he may recover all that

[Pownall v. Bair.]

he has thus been compelled to pay from his sub-agent.   The rule is settled that a sub-agent employed by an agent is, in general, only accountable to the agent, and not to the principal, for there is no privity between the principal and the sub-agent: Cartwright v. Hateley, 1 Ves., Jr., 292; Pinto v. Santos, 5 Taunt. 447; Story's Agency, § 217 a.   The responsibility of the defendant to his immediate principal, or to the manufacturers, for the $105 lost on the machine sold by the plaintiff to Wertz, was a question for the jury, which seems to have been properly submitted to, and intelligently passed upon by them.   If the plaintiff could hold the defendant liable, the right of the latter to resort to the plaintiff is settled by adequate authority.   An agent may sue in his own name on a contract made with him: Underhill v. Gibson, 2 N. Hamp. 352; Tankersley v. Graham, 8 Alabama 247; and it makes no difference whether the agent in such a case acts under a commission *del credere* or not: Houghton v. Mathews, 3 B. & P. 185, 465.

The defence was legitimate under the plea of non-assumpsit. The action was for commissions which the plaintiff claimed to have been earned in his employment under his contract with the defendant.   The allegation of the defence was that the plaintiff, in the course of that employment, had been guilty of malfeasance.   It reached directly to the consideration.   Under the plea, the defendant was entitled to prove everything which could show that, at the time the action was commenced, the plaintiff, *ex æquo et bono*, ought not to recover: Gaw v. Walcott, 10 Barr 43.   In Heck v. Shener, 4 S. & R. 258, which was an action brought by a housekeeper for wages, the defendant, under the general issue and without notice, was permitted to prove the plaintiff's "misconduct in her office to defeat her claim."   "The evidence," it was said by Gibson, C. J., "was strictly admissible, for it went to the consideration, which was the gist of the action."   A plea of set-off would have been incongruous, as well as superfluous.

Judgment reversed, and a *venire facias de novo* awarded.