## JOHN GLENNON v. LEBANON MFG. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 19, 1891—Decided March 9, 1891.
[To be reported.]

1. In an action brought by an employee for his wages, the employer, under the plea of non-assumpsit, may prove a loss suffered by reason of the negligent and unskilful manner in which the work was performed, as a pro tanto defence to the plaintiff's claim.
2. When the employee was hired to do certain mechanical work, at so much per day, such defence is available, not only as to the wages of

---

* See Lenig v. Eisenhart, 127 Pa. 59.

Statement of Facts.

the particular days upon which the negligence occurred, but also as to the wages earned by the employee upon other days.

3. As to the latter, the rule that unliquidated damages arising from a tort, in a separate transaction, cannot be set off in assumpsit, does not apply; for (*a*) the defence is an equitable one, grounded upon a breach of the contract by the servant, and (*b*) such hiring is an entire contract.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 324 January Term 1890, Sup. Ct.; court below, No. 407 June Term 1889, C. P.

On May 23, 1889, there was entered in the court below by appeal from the judgment of an alderman, an action brought by John Glennon against the Lebanon Manufacturing Company, for wages alleged to be due the plaintiff from the defendant company. The defendant pleaded non-assumpsit.

At the trial on October 21, 1889, the following facts were shown:

In January, February and March, 1889, the plaintiff was employed as a machinist in the defendant's shop, at $1.50 per day, his duty being to do such work as might be directed by the foreman. On March 25th, he quit work and left the defendant's employ. The total wages earned by him, from the time he was employed in January until March 25th, amounted to $99.97, and of that amount there remained unpaid the sum of $51.05.

Some time during the month of January, the plaintiff was directed to turn off four locomotive wheels, to fill an order for work from the Cornwall & Lebanon Railroad Company. He turned the wheels, being occupied in so doing for five or six days. This work was done in a negligent and unskilful manner; and after the railroad company had received the wheels, and had set up the locomotive on which they were to be used, it was found to be necessary, on account of the defective character of the work done by the plaintiff, to take the locomotive apart again and send the wheels back to the defendant's shop to have the defects remedied. The expenses thus incurred by the railroad company amounted to $36.09, which sum was collected by it from the defendant. The defendant incurred a further expense of $2.55 in having the wheels turned a second

time, and claimed to deduct from the plaintiff's wages the aggregate of these expenditures, $38.64, and alleged that he had consented to such deduction, which allegation the plaintiff denied.

At the close of the testimony the court, McPHERSON, J., charged the jury in part as follows:

The defence is, that some time in the month of January the plaintiff was given certain work to do, and that he did it imperfectly; and that by reason of that imperfection, certain loss accrued to the defendant, which it is right and just the plaintiff should reimburse the company for. That is the defence, as I understand it, to this account. There is also some testimony with regard to an agreement by the plaintiff upon this subject, upon which I will speak a few words to you presently.

[It is said that these damages can be set off in this action; and you have heard some discussion upon that subject. In the present state of the record, it does not seem to me that that is a question I am called upon to settle or decide, for there is no plea of set-off in the case. The plea is simply non-assumpsit; and, therefore, as there is no plea of set-off in the case, I take it that that question in this state of the record does not arise.] [1] But there is this in the case: If the plaintiff, Glennon, did this work in dispute, imperfectly,—negligently, as is substantially conceded,—if the jury find that to be the fact, then the defendant would not be obliged to pay him for doing that work, if the injury done thereby to the defendant was greater than his wages. For instance, if, under ordinary circumstances, they would owe him $10 for doing this work, and he had done it so badly that it had cost them $20 to set it right, then of course they would not be compelled or obliged to pay him the $10 which he claimed for doing this worthless, or at least this imperfect work.

[Now, you remember the testimony, which is substantially the same upon both sides upon that branch of the case, that it did take the plaintiff from five to six days to do this work, and that his wages were a dollar and a half a day. That is my recollection of the testimony. If that is true, a man can easily compute what part of this claim would do this work which the defendant complains about. And you also have the testimony

Opinion of Court below.

about the work claimed to have been done by this company. There is an item of $2.55 which was paid to another employee for turning the wheels over again; and then there is another item of about $36, which was paid by the company because of the imperfect turning of these wheels. You recollect the testimony on this subject. There is no denial of these facts. There is no denial, either, of the fact that these sums, so stated, truly represent the loss occasioned by this work. The contest on the part of the plaintiff is that that cannot be set off. Now, in response to that we say, and I will repeat it just at that point, that in the present state of the record of this case, I do not think the question of set-off arises; but I instruct you, if you find that he did this work imperfectly and badly and without proper skill, and if the damages to the defendant were greater than the amount of the wages claimed, then there can be no recovery on that account—that is, for those five or six days' work done by the plaintiff upon those wheels.] [2] . . . . .

—The court then submitted to the jury the question whether the plaintiff had agreed with the defendant that the expenses incurred by it should be deducted, and the case being closed, the jury returned a verdict for the plaintiff for $42.23.

A rule for a new trial having been argued, the court, McPHERSON, J., filed the following opinion:

In this suit for wages, the defendant offered to set off certain damages arising from distinct and independent work performed unskilfully by the plaintiff. If we thought the defence would be admissible we would grant a new trial, but we cannot satisfy ourselves that it would be permitted by our defalcation act. Under that act, " when the damages arise from a tort, they certainly cannot be allowed:" Gogel v. Jacoby, 5 S. & R. 116; Hunt v. Gilmore, 59 Pa. 452; and the substance of this defence plainly is, that the damages arise from a tort, viz., the negligence or unskilful work of the plaintiff: Zell v. Arnold, 2 P. & W. 292; McCahan v. Hirst, 7 W. 179.

It is true that, when the charge of negligence or unskilfulness is directly connected with the plaintiff's cause of action, the defendant may prove it; not, however, by way of set-off, but as evidence of a total or partial failure of consideration for his promise to pay: Price v. Lewis, 17 Pa. 51; Leech v. Bald-

win, 5 W. 446; Blessing v. Miller, 102 Pa. 45. And it is also true that an action of assumpsit, based upon an implied contract, will lie to redress certain kinds of tort, among others, the unskilful doing of work: Conn v. Stumm, 31 Pa. 14; Reeside v. Reeside, 49 Pa. 322; but this does not make the cause of action less a tort than before, it only concerns the remedy.

There are some inconveniences in forbidding the settling of several small disputes in one action, but if a remedy is desirable it must be sought in legislation. It is distinctly ruled that our defalcation act does not apply to damages "arising from a tort," and it does not affect this ruling to hold also that for some torts the action of assumpsit is an appropriate remedy.

New trial refused, and judgment directed on the verdict upon payment of the jury fee.

—Judgment having been entered, the defendant took this appeal, assigning for error, inter alia :

1, 2. The parts of the charge embraced in [ ]¹ ²

*Mr. Grant Weidman* (with him *Mr. Frank E. Meily*), for the appellant :

The court below treated the defendant's claim as an attempt to set off damages arising from careless or negligent performance of distinct and independent work. While we do not admit that even this could not be done, we assert that this view was based on a misapprehension of the case.

1. The plaintiff was not employed by the job, or for any special work. The contract of employment was entire. There was an implied undertaking on his part, to perform his work with care and skill, upon which assumpsit would lie for these damages. They are a claim ex contractu, and, being capable of liquidation by a recognized standard, could be proved as a defence in reduction of the plaintiff's demand: Leech v. Baldwin, 5 W. 449; Heck v. Shener, 4 S. & R. 249; Pownall v. Bair, 78 Pa. 403; Blessing v. Miller, 102 Pa. 45; Gaw v. Wolcott, 10 Pa. 43; Hunt v. Gilmore, 59 Pa. 450; Nickle v. Baldwin, 4 W. & S. 290; Shoup v. Shoup, 15 Pa. 361; Wright v. Cumpsty, 41 Pa. 102; Conn v. Stumm, 31 Pa. 14; Reeside v. Reeside, 49 Pa. 322.

2. No formal plea of set-off was necessary, as is shown by au-

thorities already cited. Such a plea would let in breaches of other contracts than that sued on : Carman v. Insurance Co., 6 W. & S. 155 ; and even an unliquidated claim for damages : Speers v. Sterrett, 29 Pa. 192. Moreover, no objection was made by the plaintiff, on the trial, on account of the absence of the plea of set-off, and as the opinion of the court below shows, it was not the lack of such a plea, but the idea that the defendant was claiming for a tort, that produced the ruling complained of. In these circumstances, if the plea is necessary, we ask permission to enter it now.

*Mr. John Benson,* for the appellee :

The defendant seeks to set off the damages it incurred, by reason of negligent work upon four locomotive wheels in January, 1889, in this suit brought for the wages of other and independent work with which these damages have no connection. Damages for negligent and unskilful work arise from a tort and cannot be set off in an action of assumpsit : Gogel v. Jacoby, 5 S. & R. 116 ; Hunt v. Gilmore, 59 Pa. 452 ; Zell v. Arnold, 2 P. & W. 292 ; McCahan v. Hirst, 7 W. 179. Negligence in doing work may be proved in such an action, when directly connected with the cause of action ; to establish a failure of consideration, however, not as a set-off : Price v. Lewis, 17 Pa. 51 ; Leech v. Baldwin, 5 W. 446 ; Blessing v. Miller, 102 Pa. 45. Moreover, there was no plea of set-off in this case.

OPINION, MR. CHIEF JUSTICE PAXSON :

This is a small case, yet it involves a question of some importance. It was not disputed that the plaintiff did certain work so unskilfully as to cause a loss to the defendant. The learned judge held that this loss could not be set off against the plaintiff's claim for wages, further than to the extent of the five or six days during which he was engaged upon the work which was so unskilfully done. It was contended by the learned counsel for the plaintiff that such set-off could not be allowed, because, if the appellant (defendant) was injured by the imperfect work on the wheels, through the carelessness and negligence of the plaintiff, it is a wrong, a tort ; and redress cannot be obtained in this action of assumpsit by means of a set-off.

We may concede that unliquidated damages arising from a tort, growing out of a separate transaction, cannot be set off in an action of assumpsit. This is not such case. The plaintiff is a machinist, and was employed in defendant's machine shop to do certain mechanical work for a compensation agreed upon. From this contract, the law implies faithful service on the part of the employee, and an amount of care and skill proportioned to the character of the work which he has engaged to perform. If he perform it negligently and unskilfully it is a breach of contract; and when the employer is sued for wages earned under the contract, he can defend by showing a failure on the part of the servant to properly perform his part, in consequence of which he has sustained damages. It is not a question of set-off, or of tort; it is an equitable defence, growing out of the contract itself, and going directly to its consideration.

Leech v. Baldwin, 5 W. 446, was an action by a common carrier against the consignee, to recover the price of carrying, and it was held that the defendant might set up as a defence negligence or want of skill in the carrier by which the goods were deteriorated in value. It was said by Justice HUSTON, in delivering the opinion of the court:

"It is simply, whether a person who has undertaken to perform a service for hire, and has performed it so negligently or dishonestly as to occasion loss to the employer, can recover full compensation, as though all had been done according to the contract. All our decisions say he cannot so recover. The defendant, if he can prove any facts which go to show that the plaintiff did not perform his part of the contract, or from negligence, or want of skill, performed it in such a manner as that the defendant suffered loss, may have the amount of that loss, as ascertained by the jury, deducted from the amount of the plaintiff's claim."

The case of Heck v. Shener, 4 S. & R. 249, is even stronger. It was there held that in an action to recover compensation for services as a housekeeper, and for goods sold and delivered, evidence that the plaintiff was guilty of malfeasance in the execution of her trust and embezzled the goods of the defendant, is not admissible by way of set-off, but it may be received under the plea of non-assumpsit, to defeat the action. To the

Syllabus.

same point are Nickle v. Baldwin, 4 W. & S. 290; Shoup v. Shoup, 15 Pa. 361; Wright v. Cumpsty, 41 Pa. 102; Hunt v. Gilmore, 59 Pa. 450. This is not only good law, but it is good sense. Surely, if my servant sue me for wages, I may show as a defence to his claim that he has been unfaithful, negligent, or dishonest, or that he wasted or embezzled my property.

It was urged, however, that the defence was only available as to the portion of the claim for the particular days upon which the negligence and consequential injury occurred. This position cannot be sustained. The plaintiff was suing upon an entire contract. A separate suit could not be maintained for each day's work: Logan v. Caffrey, 30 Pa. 196. The authorities are clear that the defendant was entitled to make defence for his whole loss, and was not limited to defalk it against the claim for the particular day's work when the loss occurred: Pownall v. Blair, 78 Pa. 403; Blessing v. Miller, 102 Pa. 45.

> The judgment is reversed, and a venire facias de novo awarded.