## Milwaukee Locomotive Manuf. Co. v. Point Marion Coal Co.

*Contract — Sale — Set-off—Damages—Tort—Affidavit of defence—Act of Jan. 12, 1705.*

1. Aside from the Defalcation Act of Jan. 12, 1705, 1 Sm. L. 49, there is a well recognized rule of recoupment or equitable defence by which the defendant may show that he owes the plaintiff nothing by reason of some tort committed by the plaintiff against the defendant in connection with the plaintiff's cause of action.

2. In an action to recover a balance due on a locomotive purchased by defendant from plaintiff for use by defendant in its mines, where there was a stipulation in the contract of purchase that, upon the purchaser's request, the plaintiff would furnish a competent engineer to operate the locomotive and give full information and instruction regarding the successful operation thereof to the purchaser's employees, an affidavit of defence which alleges that plaintiff sent an engineer at defendant's request, who so carelessly, negligently and unskillfully operated the locomotive that a trip of loaded mine cars, being transported from defendant's mine toward its tipple, was released from his control and ran wild over the tracks, resulting in injury and damage to defendant's property larger in amount than the balance due on the locomotive, is sufficient to prevent summary judgment.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Fayette Co., March T., 1923, No. 98.

*Sterling, Higbee & Matthews,* for plaintiff; *H. S. Dumbauld,* for defendant.

VAN SWEARINGEN, P. J., Feb. 27, 1923.—The rule in this case is for judgment for want of a sufficient affidavit of defence.

Plaintiff's action is in *assumpsit,* and was brought to recover a balance of $3412.25 alleged to be due from defendant on the purchase by the defendant from the plaintiff of a certain locomotive for use by defendant in its mines. The defendant admits its purchase of the locomotive from the plaintiff, and admits the balance due thereon as specified by the plaintiff, but in its affidavit of defence it alleges a counter-claim greater in amount than the balance claimed by plaintiff.

In its affidavit of defence the defendant sets forth that in the contract for the purchase of the locomotive it was provided that, upon the purchaser's request, the plaintiff would furnish a competent engineer to operate the locomotive and give full information and instruction regarding the successful maintenance and operation thereof to the purchaser's employees, and that defendant requested an engineer for the purposes stated, and that plaintiff, in compliance with defendant's request, sent O. W. White, who took charge of the locomotive and proceeded to operate it in the mine and upon the tracks of the defendant company in the hauling of loaded and empty mine cars of the defendant in the operation of its mine at or near Point Marion, in this county.

The defendant alleges further in its affidavit of defence that White so carelessly, negligently and unskillfully operated the locomotive that a trip consisting of eight loaded mine cars being transported from defendant's mine toward its tipple was released from his control, ran wild over the tracks of the defendant to the tipple, struck four empty cars standing on the tipple with such force and impact as to destroy them, broke down the timbers of the tipple, wrecked the loaded cars of the trip, broke the steel wire rope attached to the cars, destroyed the bin connected with the tipple, knocked down the house erected as part of the tipple, and completely destroyed the loaded cars comprising the trip, resulting in injury and damage to the defendant to the amount of $7592.67, the particular acts of negligence and the special items of damage being in the affidavit of defence fully set forth.

Plaintiff filed the following specifications of insufficiency of the affidavit of defence: (1) The matters and things alleged by defendant as a counter-claim do not arise or grow out of the contract sued upon, but constitute a tort for which an action of trespass is the only proper remedy, and which is not good as a counter-claim or set-off in an action of *assumpsit*. (2) The affidavit of defence does not aver or show any breach of contract by the plaintiff. (3) The affidavit of defence does not show any fact or facts rendering the plaintiff liable for the damages sought to be recovered by the defendant.

Defendant's counsel relies on McLaughlin *v.* Reineman, 69 Pitts. L. J. 426, and the cases there cited by the court; and, under those authorities, we are of opinion that the affidavit of defence in this case is sufficient to prevent summary judgment. In McLaughlin *v.* Reineman there was a contract between plaintiff and defendants, whereby plaintiff was to remove an old sidewalk and construct a new one in front of property of defendants, for which defendants were to pay plaintiff the sum of $250. The work was done as agreed upon, but in an action to recover payment therefor the affidavit of defence alleged that, in the removal of the old sidewalk, the plaintiff negligently caused pieces of stone therefrom to strike and destroy a large plate-glass window on defendants' property, whereby defendants were damaged in the sum of $435, and a rule for judgment for want of a sufficient affidavit of defence was discharged on the ground that, aside from the Defalcation Act of Jan. 12, 1705, 1 Sm. Laws, 49, there is a well recognized rule of recoupment or equitable defence, by which the defendant may show that he owes the plaintiff nothing, by reason of some tort committed by the plaintiff against the defendant in connection with the plaintiff's cause of action. The question there was whether the defendants should be permitted in that action to prove that the plaintiff did his work so negligently as to damage the defendants in an amount equal to that of the plaintiff's claim, and thereby show they were not indebted to him, and it was said by the court: "That they may do so will be clear if it is kept in mind that the negligent act charged by the defendants arose in the same transaction as that which forms the basis of the plaintiff's claim." The purpose of the rule was said to be to avoid circuity of actions and permit all questions arising out of the same transactions to be determined by one trial.

The rule against circuity of actions is specially applicable here. The defendant will have to go to Milwaukee, Wisconsin, to bring an action against the plaintiff if the defence set up by the defendant cannot be heard in the action brought here by the plaintiff. In the present case, as in the case cited, the tort occurred in carrying out the contract between the parties. That is the principle of importance running through all the cases cited by the court in McLaughlin *v.* Reineman, 69 Pitts. L. J. 426, which were: Gogel *v.* Jacoby, 5 S. & R. 117; Heck *v.* Shener, 4 S. & R. 249; Leech *v.* Baldwin, 5 Watts, 3 D. & C.

Milwaukee Locomotive Manuf. Co. v. Point Marion Coal Co.

446; Eckel v. Murphey, 15 Pa. 488; Steigleman v. Jeffries, 1 S. & R. 476; Patterson v. Hulings, 10 Pa· 506; Pownall v. Bair, 78 Pa. 403; Hunt v. Gilmore, 59 Pa. 450; Glennon v. Lebanon Manuf. Co., 140 Pa. 594; N. G. L. Steamship Co. v. Wood, 18 Pa. Superior Ct. 488; Dushane v. Benedict, 120 U. S. 630; Woodward v. Bradenburgh, 6 Pa. C. C. Reps. 140; Ellison v. Weed, 2 Northamp. Co. Repr. 107; Higler v. Taylor & Co., 2 Schuyl. Legal Rec. 6.

And now, Feb. 27, 1923, for the reasons stated in the opinion herewith filed, the rule for judgment for want of a sufficient affidavit of defence is discharged, at cost of plaintiff.　　　　From Luke H. Frasher, Uniontown, Pa.