Rothrock *v.* Wolfe, Appellant.

Argued March 12, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*Andrew A. Leiser,* and with him *Andrew A. Leiser, Jr.,* for appellant.

*Samuel Gubin,* of *Cummings & Gubin,* and with him *Cloyd Steininger,* for appellee.

OPINION BY GRAFF, J., May 6, 1930:

The plaintiff, who is a physician, brought this action of assumpsit to recover $484 for professional services which he alleges were rendered to the wife of the defendant. The defendant filed a counter-claim to the plaintiff's action, averring that the plaintiff is liable to him in the sum of $1,495 "as a consequence of plaintiff's ignorant, unskilful, negligent and incompetent treatment of his wife." The court below entered the following order upon the pleadings: "And now, to-wit, September 16, 1929, the plaintiff's reply raising questions of law is sustained, and the counter-claim of the defendant is stricken from the records of this case in so far as it relates to a claim for damages to be recovered in this suit." From this order the defendant has appealed.

The defendant contends that he is entitled to set up as a counter-claim against the plaintiff's action the amount which he alleges is due him because of the plaintiff's unskilful and negligent treatment of his wife. The plaintiff contends that the averments in the counter-claim constitute an action in trespass for

tort, and therefore under the Act of Assembly such can not be considered. Section 14 of the Practice Act of 1915, P. L. 485, provides that: "In actions of assumpsit, a defendant may set off, or set up, by way of counter-claim against the claim of the plaintiff, any right or claim for which an action of assumpsit would lie." The counter-claim is based upon the alleged malpractice of the plaintiff. No contract existed to the effect that the plaintiff would effect a cure of the patient, and the gist of the action, as set forth in the counter-claim, is a wrongful injury. Defendant not only claims items for nursing and surgeon's compensation, but also an item of $1,000 for the loss of the services of his wife. The language of the counter-claim clearly indicates an action of tort. We are of the opinion that such cannot be used as a counter-claim in the action of assumpsit instituted by the plaintiff. It was held by the Superior Court in Weiner v. Schwartz, 87 Pa. Superior Ct. 551, in determining whether the defendant may aver certain facts as a counter-claim, the criterion is whether under these facts he must bring an action of trespass, or may proceed in assumpsit. In Potter v. Warner, 91 Pa. 362, which was an action in trespass on the case against a physician and surgeon for malpractice, it was held that contributory negligence of the plaintiff would defeat a recovery. The court there said upon page 367: "If they find the parents of the boy were in charge of and nursed him during his sickness, and they did not obey the directions of the plaintiff in error in regard to the treatment and care of their son during such time, but disregarded the same, and thereby contributed to the several injuries of which he complains, he cannot recover therefor. If the injuries were the result of mutual and concurring negligence of the parties, no action to recover damages therefor will lie." The court there clearly recognizes that an action against a physician for malpractice is

one of trespass, and not assumpsit. The defendant's right to introduce a set-off or counter-claim is expressly limited under the Act of Assembly to "any right or claim for which an action of assumpsit would lie." The averments in the defendant's counter-claim cannot be considered to constitute an action of assumpsit, and therefore the court below was right in striking the counter-claim from the record. Since the averments of the counter-claim constitute an action of trespass, it follows that the claim is barred under the provisions of the Act of June 24, 1895, P. L. 236, which requires that such an action must be instituted within two years from the date of the injury.

The court below held that the counter-claim set up by the defendant could be introduced in the trial of the case to defeat the plaintiff's recovery, but not as a claim for damages in which there might be a verdict in money for the defendant. With this conclusion the appellee finds no fault. Such was the conclusion of this court in Enterline v. Miller, 27 Pa. Superior Ct. 463, where the court states upon page 470: "But negligence on the part of the plaintiff inherent in the cause of action, and operating to defeat it, stands on different ground. In an action on a contract, the right to recovery is based on performance; hence whether due to negligence or to other causes non-performance is a full defense, and ill performance a defense pro tanto. Such defense is not merely a set-off, balancing or reducing the plaintiff's demand, but strikes at his right of action, by impeaching the consideration on which it rests, and showing that, ex aequo et bono, his claim has no foundation, or is limited in measure." The counter-claim of the defendant can not be used to recover an affirmative verdict against the plaintiff. However, it can be used at the trial of the case to defeat the plaintiff's action in part or in full.

The order is affirmed.