738

From William R. Toal, Media, Pa.

## Biow, to use of The Century Insurance Co., Ltd., v. Bauscher.

*H. Clay Burkholder* and *Windolph & Mueller*, for plaintiff and rule.

*H. Edgar Shertz*, for defendants.

ATLEE, J., July 11, 1931.—Sophie T. Biow on May 26, 1930, brought a suit in trespass against H. A. Bauscher and Loretta Bauscher to recover damages as a result of an automobile collision. On June 16, 1930, the caption in this suit was amended to read as follows: "Sophie T. Biow, now to the use of The Century Insurance Co., Ltd., *v.* H. A. Bauscher and Loretta Bauscher."

The plaintiff filed a statement of claim and the defendants their affidavit of defense. In the defendants' affidavit of defense they set forth a counterclaim under the Act of April 4, 1929, P. L. 140. The plaintiff then filed a motion to strike off the defendant's counterclaim for the following reasons:

"1. The defendant's counterclaim in so far as it attempts to set forth a cause of action sets it forth against Sophie T. Biow, a person who is not a party to this action.

"2. The defendants' counterclaim does not set forth a cause of action against The Century Insurance Co., Ltd., the real party in interest in the above entitled action."

At this stage of the case the court is asked to decide as requested in the above motion that the defendants' counterclaim must be struck off for the reasons therein contained.

Counsel for the plaintiff cite the case of Rothrock *v.* Wolfe, 99 Pa. Superior Ct. 30, 33, as sustaining their contention in this case. This case of Rothrock

*v.* Wolfe was an action by a physician to recover in assumpsit for professional services rendered to the defendant's wife. The defendant counterclaimed for an amount in excess of that claimed by the plaintiff, alleging that the plaintiff had been negligent in plaintiff's treatment of the defendant's wife, and that the sum asked by the defendant was due to him as damages for such negligent treatment of the defendant's wife. The Superior Court decided that the counterclaim could be introduced upon the trial of the case to defeat the plaintiff's recovery, but not as a claim for damages, in which there might be a verdict in money for the defendant.

The counsel for the plaintiff here deny the right of the defendants to obtain an affirmative judgment against Sophie T. Biow, who is a nonresident of this state and not a voluntary party to this record. The insurance company, upon payment to Mrs. Biow of the damages sustained in the accident described in the plaintiff's statement of claim, became subrogated to her right of action against the defendants and became entitled to use her name without her consent in order to bring an appropriate action.

The plaintiff contends that, were the defendants' counterclaim to be sustained, a situation could arise where a resident of Pennsylvania, who was paid by the insurance company the damages resulting from a collision by an automobile owned and operated by a resident of California, would be forced to defend in California the counterclaim filed in an action brought against the resident of California by the insurance company without the consent of the assured, and the brief says that "such a situation would be intolerable and is against all reason."

It seems that The Century Insurance Company, Ltd., has paid to Mrs. Biow a sum of money which it considered was due to her under the terms of a policy between Mrs. Biow and the insurance company. If Mrs. Biow in her own name were to bring suit in Pennsylvania she would be bound by the provisions of the Act of April 4, 1929, P. L. 140, and, if she did, would be met by an affidavit of defense alleging negligence on her part and setting up against her in the manner by that act prescribed a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based. The court in Pennsylvania, in which said action was brought, would be compelled to try the claim and counterclaim as one action.

The question now before the court is: Does the payment by The Century Insurance Company, Ltd., to Sophie T. Biow of the sum of money which it says it paid her, namely, the sum of $1526, entitle The Century Insurance Company, Ltd., on a suit to its use by Mrs. Biow to prevent the defendant from setting up the counterclaim referred to in the Act of 1929?

In the case of Rothrock *v.* Wolfe, 99 Pa. Superior Ct. 30, the court refused to allow a counterclaim in trespass against a claim in assumpsit, but that is not the situation here. To allow the plaintiff's contention to prevail would be to deny to the defendants the rights given to the defendants by the Act of 1929, which permits counterclaims of this nature.

The fact that, under the theory of law advanced by the plaintiff, a resident of Pennsylvania could be forced to defend in California a counterclaim filed in an action brought against a resident of California, which action the insurance company brought without the consent of the insured, it seems to the court, could not be used as a basis for a ruling denying the defendants here the rights given them by the Pennsylvania Act of 1929. It might be that such a situation would be intolerable and possibly unreasonable, but under the Pennsylvania law the defendants have a right to counterclaim here under the rights given them by the Pennsylvania Act of 1929.

It is to be remembered that the plaintiff's claim is in trespass and the defendants' counterclaim also is in trespass under the Act of 1929. The insurance company stands in the shoes of Mrs. Biow. The fact that it has paid money to Mrs. Biow does not affect the rights of the defendants. There has been no privity between the defendants and the insurance company.

The chose in action enforced by the insurance company gives the insurance company no greater rights than Mrs. Biow could have.

The rule to show cause why the counterclaim should not be struck off is dismissed. From George Ross Eshleman, Lancaster, Pa.