## Bear v. Morrison

*Edwin M. Blumenthal,* for plaintiff.
*Mark E. Garber,* for defendant.

REESE, P. J., July 21, 1936.—In his statement of claim the plaintiff seeks to recover $110, the balance alleged to be owed him by the defendant under a contract by which the plaintiff agreed to work on defendant's farm for the period of a year for $480, in addition to wood, milk and use of a house rent free. In his affidavit of defense the defendant denies the material averments of the statement and avers that the hiring was from month to month. He alleges a counterclaim for $97 for goods sold and delivered and for overpayment of wages. Further, the affidavit of defense, under "New Matter," alleges that the plaintiff negligently, maliciously and willfully permitted his hogs to be at large in the defendant's orchard where they destroyed two apple trees worth $50, and also that the plaintiff cut down and destroyed two other trees worth $50.

The plaintiff seeks to have the new matter stricken off on the ground that it is in fact a counterclaim sounding in tort and hence improperly pleaded in an action of assumpsit. The defendant, on the other hand, claims that the tortious acts alleged in the new matter are properly alleged in recoupment as a defense against the plaintiff's claim.

In an action of assumpsit, damages arising from a tort cannot be made the basis of a set-off or counterclaim: Rothrock v. Wolfe, 99 Pa. Superior Ct. 30. But the de-

fendant is not attempting in the present case to make the alleged tortious conduct the basis of a set-off or counter-claim. He has alleged it by way of recoupment.

Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right arising out of the same transaction: 57 C. J. 358; Shrum v. Carcase, 2 D. & C. 686.

"Recoupment is of common-law origin. Set-off and counter-claim are purely creatures of statute. Recoupment must grow out of the same transaction that gives rise to the plaintiff's claim, while both set-off and counter-claim may embrace matters extrinsic to the subject-matter of the plaintiff's claim. Recoupment is limited to the amount of plaintiff's claim, and goes only to the extent of defeating that claim. In both set-off and counter-claim the defendant may recover any excess in his favor": Shrum v. Carcase, supra.

Recoupment has not been abrogated by the Practice Act of May 14, 1915, P. L. 483: Webber et al. v. Miller, 19 Berks 422; Patchin et al. v. Eastburn, 74 Pitts. 747.

". . . aside from the Defalcation Act of Jan. 12, 1705, 1 Sm. Laws, 49, there is a well recognized rule of recoupment or equitable defence, by which the defendant may show that he owes the plaintiff nothing, by reason of some tort committed by the plaintiff against the defendant in connection with the plaintiff's cause of action": Milwaukee Locomotive Mfg. Co. v. Point Marion Coal Co., 3 D. & C. 131, 132.

In that case it was held that where the plaintiff commits a tort in carrying out a contract between the parties the defendant may allege and prove the tort to defeat in whole or in part the plaintiff's claim.

". . . 'unliquidated damages arising from a tort, in a separate transaction, cannot be set-off in assumpsit'; but where the negligence arises in the performance of the very contract sued upon, such damages may be shown in defence": New York, Susquehanna & Western R. R. Co. v. Ruthven, 88 Pa. Superior Ct. 501, 506.

In Rothrock v. Wolfe, 99 Pa. Superior Ct. 30, it was held that in an action of assumpsit by a physician to recover for services rendered to defendant's wife the defendant's counterclaim for damages for malpractice in the treatment of his wife must be stricken off, inasmuch as there can be no counterclaim in tort in an action of assumpsit. But the court held that the malpractice could be shown at the trial to defeat the plaintiff's recovery, but not as a claim for damages in which there might be a verdict in money for the defendant.

Applying the foregoing principles, it was held in Glennon v. Lebanon Mfg. Co., 140 Pa. 594, that in an action of assumpsit brought by an employe for his wages the employer may prove, to defeat the plaintiff's claim in whole or in part, a loss suffered by reason of the negligent and unskillful manner in which the work was performed. The court said, at page 601, after citing cases in accord:

"This is not only good law, but it is good sense. Surely, if my servant sue me for wages, I may show as a defence to his claim that he has been unfaithful, negligent, or dishonest, or that he wasted or embezzled my property."

In a similar case, Pownall v. Bair, 78 Pa. 403, 407, the court said "the defendant was entitled to prove everything which could show that, at the time the action was commenced, the plaintiff, *ex aequo et bono*, ought not to recover".

In the present case the plaintiff avers in his statement that he was hired to "manage, care for, cultivate and otherwise direct the proper functioning of the farm." The new matter in the defendant's affidavit of defense avers that the tortious acts complained of were committed "in and about the work for which he was employed." In view of the foregoing principles, we feel that the new matter is proper recoupment. "New matter" includes any legal defense of substance other than traverse, set-off or counterclaim: Security Title & Trust Co. et al. v. Welsh et al., 104 Pa. Superior Ct. 502.

And now, July 21, 1936, the rule to strike off new matter is discharged and the plaintiff is granted leave, within 15 days from this date, to file and serve a reply to the new matter and counterclaim.